Merrimack, ⟩
Dec., 1896. ⟨

## BOSTON & MAINE RAILROAD v. CONCORD.

The statute (Laws 1893, c. 39, s. 1) which authorizes the railroad commissioners to apportion between a railroad and a town the expense incurred in the change of a highway bridge, and does not provide for an appeal from their decision, is not unconstitutional.

DEBT, for a sum apportioned to the defendants by the railroad commissioners, under Laws 1893, c. 39, s. 1. Facts agreed. The plaintiffs raised a highway bridge in Concord over the Concord & Claremont Railroad, in compliance with an order of the railroad commissioners. Upon petition of the plaintiffs and after hearing the parties, the railroad commissioners apportioned to the defendants $150 of the expense of the change outside the railroad location. The defendants appeared at the hearing and objected to the jurisdiction of the commissioners, claiming that the act of the legislature, so far as it purported to confer authority upon them to determine the rights and liabilities of the defendants, was void, because it is not constitutional and does not provide for an appeal to the court if a party is aggrieved by the commissioners' decision.

*Frank S. Streeter* and *John M. Mitchell*, for the plaintiffs.

*Sargent, Hollis & Niles*, for the defendants.

CLARK, J. The city of Concord is a municipal division of the state. The railroad commissioners, under the authority conferred upon them by the legislature, apportioned the expense incurred in raising the bridge between the railroad and the city as in their judgment was just. The powers and duties of the city are largely within the control of the legislature, and the railroad commissioners are state officers authorized to determine what portion of the expense incurred by the railroad in the changes made outside the railroad location shall be paid by the city of Concord. Laws 1893, *c.* 39, *s.* 1. They are to award such a sum " as is in their judgment just," and their conclusion is final as to the city. From the appraisal of damages to landowners by the railroad commissioners, any party aggrieved has a right of appeal; but in apportioning the expense between the railroad and the city, the judgment of the commissioners is conclusive. It is a matter within the control of the legislature (*Wooster* v. *Plymouth*, 62 N. H. 193), and there should be

*Judgment for the plaintiffs.*

All concurred.