"Though there are cases holding that the increased costs may be taxed by the clerk without application to the court, yet the safer practice is that fixed by the earlier cases which hold that an application to the court is necessary."

It is not essential to decide this question, inasmuch as the defendant may even now apply nunc pro tunc to the court for such certificate. Snyder v. Beyer, 3 E. D. Smith, 235. The omission to provide an alternative provision of the judgment for a return of the goods is but an irregularity, which may be cured on appeal without ordering a reversal of the judgment. Fitzhugh v. Wiman, 9 N. Y. 559; Wolf v. Farley (Com. Pl.) 16 N. Y. Supp. 168, and authorities cited.

The judgment is modified, by inserting an alternative provision for a return of the goods, and with respect to the costs as indicated, and, as so modified, it is affirmed, without costs.

---

### In re NEW YORK CENT. & H. R. R. CO.

#### Appeal of VILLAGE OF OSSINING.

(Supreme Court, Appellate Division, Second Department.    March 4, 1910.)

1. STATES (§ 131*)—APPROPRIATION OF PUBLIC MONEY FOR PRIVATE PURPOSE—ELIMINATION OF GRADE CROSSINGS.

 The grade crossing act (Laws 1897, c. 754), adding sections 62–66 to the railroad law (Laws 1890, c. 565), which sections authorize the Legislature thereafter to annually appropriate $100,000 for the purpose of paying the state's share of the expenses of changing grade crossings, is not invalid as appropriating public money for a local or private improvement, without a two-thirds vote of both branches of the Legislature within Const. art. 3, § 20, since it is only a bill actually appropriating money that comes within the prohibition.

 [Ed. Note.—For other cases, see States, Cent. Dig. § 129; Dec. Dig. § 131.*]

2. STATES (§ 119*)—LIMITATION OF USE OF FUNDS—AIDING CORPORATION—GRADE CROSSING ACTS.

 The grade crossing act (Laws 1897, c. 754), adding sections 62–66 to the railroad law (Laws 1890, c. 565), which sections require that the village and state shall pay part of the expenses of changing existing grade crossings, does not violate Const. art. 8, §§ 9, 10, prohibiting the state or any municipal subdivision thereof from giving money in aid of a corporation.

 [Ed. Note.—For other cases, see States, Cent. Dig. § 118; Dec. Dig. § 119.*]

3. RAILROADS (§ 98*)—GRADE CROSSINGS—POLICE POWER.

 The grade crossing act (Laws 1897, c. 754), adding sections 62–66 to the railroad law (Laws 1890, c. 565), which sections authorize railroad commissioners to order any existing grade crossing to be changed when public safety requires it, and that the expense shall be borne proportionately by the railroads, state, and village, is within the police power.

 [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 291, 292; Dec. Dig. § 98.*]

4. RAILROADS (§ 98*) — CHANGE OF GRADE CROSSING — NATURE OF PLANS — BUILDING NEW ROAD.

 The grade crossing act (Laws 1897, c. 754), adding sections 62–66 to the railroad law (Laws 1890, c. 565), which sections provide that the railroad commissioners may, when public safety demands it, change any existing grade crossing the expense to be borne by the railroad, village, and.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

state in proportions named. Railroad Law, §§ 11, 13, provide how the railroad may change its route by filing maps, etc., and that a railroad constructing its line over a highway shall pay the expense of crossing. The petition of the railroad to the Public Service Commission showed that they intended putting in three additional tracks on the right of way, and to operate its road by electricity under the third-rail system, instead of steam, as it had the charter right to do. The commission determined that the existing crossing was dangerous and should be changed, and that the village and state should bear its statutory expense of crossing the existing tracks, and the railroad should bear the remainder of the expenses. *Held*, that the fact that the petition for the change of grade showed a future intention of building more tracks and changing the motive power would not constitute a building of a new road so as to charge the railroad with the whole expense under Railroad Law, §§ 11, 13.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 292; Dec. Dig. § 98.*]

5. RAILROADS (§ 99*)—ELIMINATION OF GRADE CROSSINGS—POWER OF COMMISSION.

In the determination of the elimination of grade crossings by the public service commissioners under the grade crossing act (Laws 1897, c. 754), adding sections 62–66 to the railroad law (Laws 1890, c. 565), the commission possessed practically the same powers as do commissioners in condemnation proceedings. They view the crossings and existing conditions, and are judges of the law and the facts.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 297, 298; Dec. Dig. § 99.*]

6. RAILROADS (§ 99*)—ELIMINATION OF GRADE 'CROSSINGS—DETERMINATION OF COMMISSION—REVIEW.

The court should not reverse the determination of the Public Service Commission in eliminating grade crossings under the grade crossing act (Laws 1897, c. 754), adding sections 62–66 to the railroad law (Laws 1890, c. 565), unless it is clearly made to appear that their decision as to the village bearing its statutory share of the expense of eliminating the crossing is founded on erroneous legal principles.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 304; Dec. Dig. § 99.*]

Appeal from Public Service Commission, Second District.

Petition by the New York Central & Hudson River Railroad Company against the President and Board of Trustees of the Village of Ossining for the elimination of a grade crossing. From an order of the Public Service Commission eliminating the crossing, the village appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Frank L. Young, for appellants.
George H. Walker, for respondent.

RICH, J. It was stipulated upon the hearing before the Public Service Commission that public safety required the elimination of the existing grade crossings. The stipulation removes from our consideration the "convenience, adequacy, and propriety of the manner of elimination." The remaining questions are the constitutionality of the grade crossing act (Laws 1897, c. 754), and whether the appellant village can be required to pay any portion of the expenses attending the elimination of the crossings.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is contended, first, that the improvement is for local or private purposes, and that the statutes (sections 62–66 of the present railroad law) required the assent of two-thirds of the members elected to each branch of the Legislature (section 20, art. 3, Const.); that the statement of the Secretary of State inserted under the title of the law, as required by section 44 of the legislative act (Consol. Laws, c. 32), does not show that such statutes were "passed by a two-thirds vote," and that the presumption obtains, in the absence of affirmative evidence, that they were not so passed; and, second, that the requirement that the village and state pay part of the cost is in violation of sections 9 and 10 of article 8 of the Constitution prohibiting the state or any municipal subdivision thereof from giving money in aid of a corporation.

The weakness of the first contention lies in the erroneous assumption that the grade crossing act appropriates public money or property. It does not appropriate anything. It authorizes the Legislature to thereafter annually appropriate $100,000 for the purpose of paying the state's share of the expense of changing existing grade crossings. The actual appropriation is made by each succeeding Legislature, and it is the bill actually appropriating, and not the one authorizing such future action, which comes within the prohibition of section 20 of the Constitution. But, were it otherwise, the Court of Appeals has affirmed the holding of the Supreme Court in Matter of Boston & Albany R. R. Co., 64 App. Div. 257, 72 N. Y. Supp. 32, that these statutes were within the police power of the state, did not violate either of the constitutional provisions, and were constitutional. 170 N. Y. 619, 63 N. E. 1115.

The remaining questions arise upon the contention of the appellants, first, that the petitioner's plans are for a rebuilding of its road rather than for the elimination of grade crossings; second, that the changes planned exclude the improvement from the provisions of section 62, and bring it within the provisions of sections 11 and 13 of the railroad law, requiring the company to procure an order of the Supreme Court, the approval of the trustees of the village, and to restore the highways to their former state or to such state as not to have unnecessarily impaired their usefulness, at their own expense; and, third, that the dangerous condition of the crossings in the future will result solely from the acts of the company in changing the construction and motive power of its road. These contentions are based upon the plans presented by the company to the commission, of contemplated changes in their road and its operation, in connection with the elimination of the crossings, which may be briefly described as follows: (1) To put in three additional tracks upon its right of way, of which two (with the two now existing) are to be used for passenger traffic and one for the operation of freight trains, with the latter of which switches for manufactories and other plants will be connected; (2) to operate its road by electricity, instead of steam, by the use of third rails, which will be necessarily raised above the level of the rails upon which the cars are run. The three additional tracks with accompanying facilities are all to be constructed upon land owned by the company and included within its present right of way. Although the plan adopted by the commission for crossing the existing tracks is by bridges of sufficient length to per-

mit the laying of the additional tracks thereunder, the company has at no time asked that the village should pay any portion of the expense involved in this proceeding other than its statutory proportion of the cost of eliminating the existing grade crossings over its present two tracks, and by the determination of the commission the village has been charged only with its proportion of "such cost as is necessary to cross the existing tracks of the railroad company, with the necessary approaches and connection streets leading thereto. * * * Any sum in excess of such cost occasioned by additional main tracks or other improvements shall be paid entirely by the railroad company." The existing situation as presented to the commission was dangerous to public safety, and required the elimination of the grade crossings, as was conceded by the village. The manner of such elimination was wholly within the powers vested in the commission by the statute, subject only to judicial review. They possess practically the same powers as do commissioners in condemnation proceedings. They view the crossings and existing conditions and are the judges of the law and the facts. There is nothing in the record showing that the plan of elimination is not the best which could have been devised, all things considered. No abuse of discretion is apparent, and this court should not reverse their conclusions unless it is clearly made to appear that their decision as to the village bearing its statutory share of the expenses of eliminating the crossings is founded upon erroneous legal principles. Matter of Boston & Albany R. R. Co., supra. The additional tracks and the installation of electricity do not create a new railroad, but an improved one. The respondent, as the successor of the Hudson River Railroad Company, is authorized by the charter of that company (chapter 216, Laws 1846) to construct and maintain such additional main tracks (New York Central & H. R. R. R. Co. v. Untermyer, 133 App. Div. 146, 117 N. Y. Supp. 443, 196 N. Y. 33, 89 N. E. 1106) and to carry property and persons upon and over its road "by the power and force of steam, or of animals, or of any mechanical or other power." See, also, subdivision 7, § 4, Railroad Law. Had the railroad company instituted this proceeding without divulging its contemplated future plans, or had it laid its additional tracks and changed its motive power, as it was authorized to do, and then instituted this proceeding, there would have been no basis for an appeal from the order made by the commission, and the fact that it disclosed its future intentions in the petition by which this proceeding was commenced in no manner lessened the powers of the commission, or changed the legal rights of the parties. In People ex rel. Town of Colesville v. D. & H. Co., 177 N. Y. 337, 69 N. E. 651, cited by the appellants to sustain their contention in this respect, it was not public safety, but a change of grade, that required the elimination of the crossing. In the case at bar, under present conditions, the elimination of the grade crossings is required in the interest of public safety. The order does not direct any change in the route or grade of the railroad, and it was not claimed on the hearing that the laying of the additional tracks or change of motive power to electricity rendered it impossible or impracticable to operate the trains of the company over the streets of the village at grade. There is no evidence that the laying of the additional tracks, or change

of motive power, would necessitate the carrying of the streets over or under the railroad.

The learned counsel for the appellants asks us to reverse the order of the Public Service Commission because of the fact, which he assumes, that the contemplated improvements when made would then require the elimination of the crossings by the railroad company at its sole expense under section 11 of the railroad law. There are two conclusive answers to this contention: First, the result assumed is not established by the evidence; second, it is the existing crossings that are eliminated, and not a crossing that may exist in the future. It is the existing crossings that are dangerous and a menace to public safety, and it is the expense of eliminating the existing crossings only to which the village is required to contribute.

The order of the commission must be affirmed, with $50 costs. All concur.

---

In re NEW YORK CENT. & H. R. R. CO.

Appeal of VILLAGE OF WHITE PLAINS.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

RAILROADS (§ 99*)—ELIMINATION OF GRADE CROSSINGS—CHANGE OF ROUTE—LIABILITY FOR EXPENSES.

    [Ed. Note.—For other cases, see Railroads, Dec. Dig. § 99.*]

Appeal from Public Service Commission, Second District.