TOWN OF POLK, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent.

*September 20—October 7, 1913.*

*Railroads: Highway crossing not at grade: Apportionment of cost: Liability of town: Statutes: Implied repeal: Constitutional law: Police power.*

1. Under sec. 1797—12e, Stats., giving to the Railroad Commission authority to order the substitution for a grade crossing of one not at grade, to apportion the cost of such alteration between the railroad company and the municipality in interest, and to order the amounts so apportioned to be paid, the power to apportion and order payment implies that the parties against whom the assessment is made shall be liable for the amount thereof.

2. Said sec. 1797—12e does not conflict with secs. 1836, 1299h—1, or sub. (d) of sec. 1797—12; and if it did, being a later statute, it would prevail and impliedly repeal so much of the earlier statutes as was in conflict with it.

3. Said section is a valid exercise of the police power of the legislature and does not conflict with any constitutional provision.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *O'Meara & O'Meara,* and oral argument by *P. O'Meara.*

For the respondent there was a brief by the *Attorney Gen-*

*eral* and *Walter Drew,* deputy attorney general, and oral argument by *Mr. Drew.*

BARNES, J.    The plaintiff brought this action to set aside so much of an order of the *Railroad Commission* as required it to pay ten per cent. of the cost of constructing an overhead crossing over the tracks of the Chicago, Milwaukee & St. Paul Railway Company and of the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, which passed over one of the highways of the plaintiff in such close proximity to each other that but one bridge was required for both.    The defendant demurred to the complaint.    From an order sustaining the demurrer plaintiff appeals.

The appellant contends (1) that at common law the duty of rendering a highway safe that was crossed by a railroad rested on the railroad company and that no part of the expense of placing or keeping it in such condition was chargeable to the municipality in which the highway was located; (2) that under secs. 1836, 1299h—1, and sub. (d) of sec. 1797—12, Stats., the same duty is imposed by statute; and (3) that it being the duty of the railroad companies here involved to keep the crossings safe for public travel, no part of the expense of building the overhead crossing could be charged against the appellant town.'

The *Commission* justifies its action under ch. 540, Laws of 1909, as amended by ch. 191, Laws of 1911, being secs. 1797—12e to 1797—12j, Stats. 1911.

These statutes among other things authorized the *Railroad Commission* to order the substitution of a crossing not at grade for one that was, where the public safety required such substitution.    It further provided:

"The commission shall fix the proportion of the cost and expense of such alteration, . . . including the damages to any person whose land is taken, and the special damages

which the owner of any land adjoining the public street or highway shall sustain by reason of the change in the grade of such street or highway, . . . to be paid by the railroad company or companies, *and the municipality or municipalities in interest.* In fixing such proportion the commission may order the amount of such cost and expense and damages so apportioned to be paid by the parties against which the apportionment shall be made." Sub. 2, sec. 1797—12e.

The *Railroad Commission* proceeded under and followed this statute. No complaint is made about the amount assessed against the town, if the right existed to assess anything. The statute attempted at least to confer that right in very plain language. The power to apportion the cost of the improvement and to order the railroad company and the municipality to pay the amount so assessed clearly implies that the parties against whom the assessment is made shall be liable for the amount thereof. Else the making of the apportionment and order which the statute provides for would be an idle ceremony.

We do not think that there is any real conflict between the statutes relied on by appellant and the one under which the *Commission* proceeded.

Sec. 1836, Stats., requires railway companies to restore highways which they cross to their former state, or to such condition that their usefulness will not be materially impaired, and to thereafter maintain them in such condition. This was at best a safety statute in a limited sense only. It did not prohibit grade crossings, provided the surface of the highway was restored to substantially the same condition in which it was before the crossing was made. If a crossing at grade would leave any depression or elevation in the road at the point of crossing that would materially impair its use and it was necessary to cross above or below grade in order to avoid such a condition, it was undoubtedly the duty of the railroad company to do so. It was not obliged to cross above

or below the surface simply because it would obviate crossing accidents to do so.

Sec. 1299h—1 provides that when a highway crosses an existing railroad the railway company shall grade and maintain at its own expense the portion of the highway which passes over its tracks.

Sec. 1797—12, sub. (d), provides for the maintenance of safety devices such as gates, flagmen, or electric bells at grade crossings.

None of these statutes deal with the separation of grades for the purpose of insuring the safety of travelers. If there is a conflict between these statutes and the one under which the *Railroad Commission* acted, the latter statute would prevail, and impliedly repeal so much of the earlier statutes as was in conflict with it, without a repealing clause. As a matter of fact, ch. 540, Laws of 1909, contains a repealing clause, but the amendment of 1911 does not. It was also passed after the enactment of the statutes relied on by appellant.

Besides, ch. 540, Laws of 1909, as amended, specifically provides for the abolition of grade crossings in certain cases, and if it did conflict with general provisions relating to safety devices it would prevail over such provisions. *Hite v. Keene,* 137 Wis. 625, 119 N. W. 303; *Jones v. Broadway R. R. Co.* 136 Wis. 595, 118 N. W. 170; *State ex rel. deForest v. Hobe,* 124 Wis. 8, 102 N. W. 350; *State ex rel. Donnelly v. Hobe,* 106 Wis. 411, 82 N. W. 336.

The statute under consideration does not conflict with any constitutional provision. Indeed, no claim is made that it does. The legislature in the exercise of its police power had a perfect right to enact the law. The frequency of accidents at grade crossings is notorious and the number of victims is appalling. The aim of the statute is to lessen the number of these casualties. We believe that no court has held that the legislative power here exercised did not exist. Where the

question has been raised, the courts have uniformly held that it did exist. *New York & N. E. R. Co. v. Bristol,* 151 U. S. 556, 14 Sup. Ct. 437; *Woodruff v. N. Y. & N. E. R. Co.* 59 Conn. 63, 20 Atl. 17; *Morris v. Indianapolis,* 177 Ind. 369, 94 N. E. 705; *Matter of Boston & A. R. Co.* 64 App. Div. 257, 72 N. Y. Supp. 32, affirmed 170 N. Y. 619, 63 N. E. 1115; *Norwood v. N. Y. & N. E. R. Co.* 161 Mass. 259, 264, 37 N. E. 199.

It was neither inequitable nor illegal to require the owners of the three public highways involved to contribute to the expense of the overhead crossing. *Norwood v. N. Y. & N. E. R. Co., supra; Doolittle v. Branford,* 59 Conn. 402, 22 Atl. 336; *Appeal of N. Y. & N. E. R. Co.* 62 Conn. 527, 26 Atl. 122; *Matter of Boston & A. R. Co., supra; Matter of N. Y. C. & H. R. R. Co.* 136 App. Div. 760, 121 N. Y. Supp. 524; *Boston & M. R. Co. v. Concord,* 69 N. H. 91, 44 Atl. 808; *In re Westborough,* 169 Mass. 495, 48 N. E. 763. By implication at least, if not expressly, the statute under consideration was held valid in *Superior v. Roemer, ante,* p. 345, 141 N. W. 250, 255, although it is only fair to remark that it was not necessary to a decision of that case to so hold. We are, however, entirely at a loss to know what constitutional provision would be infringed by a legislative act requiring a municipality to bear a part of the expense of changing a grade crossing to one not at grade.

*By the Court.*—Order affirmed.