CITIZENS TELEPHONE COMPANY OF EAU CLAIRE, Respond-
ent, vs. RAILROAD COMMISSION OF WISCONSIN, Appellant.

*March 21—June 17, 1914.*

*Public utilities: Railroad commission: Orders, when set aside: Evi-
dence: Telephone companies: When engaged in furnishing local
service.*

1. An order of the railroad commission should not be set aside in an
   action brought under sec. 1797—16, Stats. 1913, unless it is.
   shown by clear and satisfactory evidence to be unlawful or un-
   reasonable.
2. A finding by the railroad commission to the effect that the local
   service rendered by a certain telephone company in the city of
   Eau Claire was incidental to its rural and toll-line service and
   did not constitute it a public utility engaged in furnishing local
   telephone service to subscribers in that city, within the mean-
   ing of sec. 1797m—74, Stats., is *held* to be supported by the evi-
   dence.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The plaintiff is an existing corporation organized under
the laws of this state for the purpose of conducting a tele-
phone business and particularly to acquire from the Chip-
pewa County Telephone Company, Limited (hereafter called
the Chippewa Company), certain properties and privileges
to enable it to conduct a local telephone exchange in the city
of Eau Claire. The capital stock of the company is fixed in
its articles of organization at $60,000, consisting of 400
shares of common stock of $100 each share, and 2,000 shares
of preferred stock of $10 each share. The defendant is the
duly constituted *Railroad Commission* of the state of Wis-
consin.

On May 21, 1913, the plaintiff by petition made applica-
tion to the defendant for leave to issue and sell 300 shares of
its common stock and 2,000 shares of its preferred stock, and
stated to the *Railroad Commission* the purpose for which and

the terms upon which the stocks were proposed to be issued, and alleged other material necessary matters in conformity to the provisions of secs. 1751—1 to 1753—22, Stats. 1913. The plaintiff complied with the direction of the *Railroad Commission* requiring it to file with the *Commission* a schedule of the physical properties of the Chippewa Company located in Eau Claire which the plaintiff proposed to purchase with proceeds from sales of its stock if authorized to issue and sell the same. The plaintiff's petition also alleges that the Chippewa Company, under its corporate powers and authority, was then engaged in and for many years prior thereto had been engaged in conducting a local telephone exchange in the city of Eau Claire in connection with its rural and long-distance telephone business in Chippewa and Eau Claire counties and other parts of the state. Hearing on the petition was had before the *State Railroad Commission* in the month of June, 1913. On July 30, 1913, the *Railroad Commission* made and caused to be served on the plaintiff an order whereby the *Commission* denied the prayer of the plaintiff's petition for leave to issue and sell its stock as therein demanded for the purpose of engaging in a local telephone business in the city of Eau Claire, upon the ground that the Chippewa Company at the time the petition was presented to and filed with the *Railroad Commission* or at any time prior thereto was not engaged in furnishing local telephone service in the city of Eau Claire. The plaintiff, being dissatisfied with the decision of the *Railroad Commission,* instituted this action in the Dane county circuit court praying that the *Railroad Commission's* order of July 30, 1913, be vacated and that the prayer of its petition be granted. The *Railroad Commission* answered in the action, admitting plaintiff's incorporation, that proceedings were had before it as heretofore stated, and that it rendered its decision in the proceedings as declared in the order of July 30, 1913, upon the ground that on the date of the publication of ch. 546,

Laws of 1911, to wit, July 6, 1911, and from and after the passage and publication of ch. 596, Laws of 1911, to wit, July 8, 1911, and continually thereafter, the Wisconsin Telephone Company was and is operating a local telephone exchange in the city of Eau Claire under an indeterminate permit pursuant to secs. 1797m—1 to 1797m—105, and also upon the ground that neither the plaintiff nor the Chippewa Company was on July 6 or on July 8, 1911, or any time theretofore, furnishing local telephone service in the city of Eau Claire within the meaning of sec. 1797m—74. The defendant has issued no declaration to the effect that public necessity and convenience require another local telephone utility in the city of Eau Claire. After trial of the action in circuit court the court vacated the order of the *Commission* dated July 30, 1913, which denied authority to issue the stock as the plaintiff petitioned the *Railroad Commission*.

This is an appeal from the judgment of the circuit court vacating the order of the *Railroad Commission*.

For the appellant there was a brief by the *Attorney General* and *Walter Drew*, deputy attorney general, and oral argument by *Mr. Drew*.

For the respondent there was a brief by *Sturdevant & Farr*, and oral argument by *L. M. Sturdevant*.

A brief was also filed by *Miller, Mack & Fairchild*, attorneys for the Wisconsin Telephone Company, as *amici curiæ*, and the cause was argued orally by *E. S. Mack*.

The following opinion was filed April 9, 1914:

SIEBECKER, J. The *State Railroad Commission* found as a fact that the plaintiff, as conceded, had never engaged in furnishing local telephone service in the city of Eau Claire. It also found that the plaintiff proposed to acquire the privileges and physical properties of the Chippewa Company in the city of Eau Claire and succeed to its rights and privileges to conduct a telephone business in that city, and that

the Chippewa Company has at no time conducted a public
utility in the city of Eau Claire constituting a telephone ex-
change for furnishing local telephone service to the people of
the city within the meaning of the statutes enacted in 1911
and 1913 which govern and control the rights of the parties
on the question presented in this litigation. The circuit
court after trial of the issues found as fact "that the Chip-
pewa Company has maintained a telephone exchange which
furnished service to subscribers in the city of Eau Claire
ever since the month of December, 1910," and as a matter of
law held that the order of July 30, 1913, of the defendant
*Commission* is unlawful, and entered judgment vacating and
setting it aside.

As urged by counsel for the respondent, there are but
two questions presented on this record for determination:
First. Does the evidence show that prior to July 6, 1911,
when ch. 546, Laws of 1911, took effect, the Chippewa Com-
pany was conducting a local telephone exchange for furnish-
ing local telephone service to the people of the city of Eau
Claire? Second. If such a local telephone exchange was
being operated, is the plaintiff entitled to succeed to the
rights, privileges, and the property of the Chippewa Com-
pany in that city? In determining the correctness of the
trial court's finding of fact upon the evidence adduced, the
nature of the proceeding and statutes governing it must be
considered. In an action to set aside the order of the *Rail-
road Commission* "the burden of proof shall be upon the
plaintiff to show by clear and satisfactory evidence that the
order of the *Commission* complained of is unlawful or unrea-
sonable. . . ." Sec. 1797—16, Stats. 1913. An examination
and study of the evidence in the case convinces us that the
circuit court erred in holding that the plaintiff has shown
"by clear and satisfactory evidence that the order of the
*Commission* . . . is unlawful." The inquiry before the cir-
cuit court and the principles that must guide it in a review

of an order made by the *Commission* were declared in the case of *Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Commission,* 136 Wis. 146, 165, 116 N. W. 905, and is applicable here.   It is there said: "In reviewing the order of the *Railroad Commission* the inquiry is not whether the rate, regulation, or service fixed by the *Commission* is just and reasonable, but whether the *order* of the *Commission* is unreasonable or unlawful."   Does the record show by clear and satisfactory evidence that the order of the *Commission* is unlawful, as held by the circuit court?   The determination of the *Commission* upon the evidence before it is that the service furnished by the Chippewa Company in Eau Claire did not constitute it a public utility engaged in furnishing local telephone service to the people of the city of Eau Claire within the meaning of sec. 1797*m*—74 as it stood in 1911 (amended by ch. 610, Laws of 1913).   The law of 1911 provided, "no telephone exchange for furnishing local service to subscribers within any village or city shall be installed in such village or city by any public utility other than those already furnishing such telephone service therein." The amendment of 1913 states the exception in these words: "except that any public utility already engaged in furnishing local service to subscribers within any city or village may extend its exchange within such city or village without the authority of the *Commission.*"

It appears under the evidence in the case that the Chippewa Company is conducting a telephone business in Chippewa, Rusk, and Eau Claire counties, and extended its lines from Chippewa to Eau Claire in 1904 and commenced to do business in Eau Claire in the spring of 1905.   It started with fifteen subscribers in the city, which increased in the course of time to twenty-eight.   There were also several pay stations maintained in the city.   The common council of Eau Claire, upon petition, authorized the Chippewa Company to do business in the city by resolution to the effect that

the company "be permitted to erect poles and wires for use as a part of its system in and upon the following streets and alleys in the city of Eau Claire and not otherwise" (describing roads, streets, and alleys). It also provided that if the company at any time assigned or sold its interests to the Wisconsin Telephone Company or combined with it, "then the rights granted" were to "become null and void." The Chippewa Company was engaged in furnishing rural service. It appears that prior to 1910, if any subscriber in Eau Claire desired a connection with another in the city, he would call central at Chippewa and ask for communication through the Chippewa central. This method continued to the time when, in 1910, a new cable was put up, and a common battery switchboard was installed and an operator employed to attend to the business throughout all hours of the day. Connections were made with the telephones of the subscribers at Eau Claire, the trunk lines from Chippewa Falls, and two circuits of the Tri-State Telephone Company doing business in parts of Wisconsin, Minnesota, and the Dakotas. The connection at this station connected toll with toll lines, toll with local lines, and the local with local lines in Eau Claire. The subscribers of the Chippewa Company paid uniform monthly rental for services over the entire system. The Eau Claire subscribers were business houses. It appears from the testimony that these connections were made to obtain communication with the rural subscribers for business purposes, and that communication with each other in Eau Claire was only occasional and when their local connection of the local exchange of the Wisconsin Telephone Company, of which they were patrons, was engaged. The Wisconsin Telephone Company has a local exchange in the city with approximately 2,000 subscribers. It also appears that the switchboard of the Chippewa Company installed in Eau Claire in 1910 had facilities for connecting the local subscribers in Eau Claire by means of two cords which provided

for two local communications at the same time.    The Chippewa Company, it appears, solicited subscribers in Eau Claire for out-of-town business, and the subscribers testify they made their subscription upon this understanding.    The Chippewa Company's reports and rate schedules filed with the *Railroad Commission* did not list Eau Claire as an exchange until 1912.    It is evident that the local service actually rendered at Eau Claire was in the nature of an occasional accommodation to the subscribers in the city and was incidental to the rural and toll-line service of the company. The evidence given by subscribers tends strongly to support this conclusion.    We are persuaded by the evidence in the record that the Chippewa Company at no time operated a local telephone exchange in the city of Eau Claire for furnishing local telephone service to subscribers in the city within in the meaning of the provisions of sec. 1797*m*—74, and that the finding of the *Railroad Commission* to this effect is amply sustained by the evidence.    The plaintiff failed to show "by clear and satisfactory evidence that the order of the *Commission* is unlawful," and the circuit court erred in awarding judgment vacating the order.    This result renders discussion of other questions unnecessary.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the circuit court with directions to enter judgment affirming the *Commission's* order.

A motion for a rehearing was denied, with $25 costs, on June 17, 1914.