In the Matter of the Hearing Before the Public Service Commissions for the First and Second Districts, Concerning the Tracks, Structures and Other Property of THE NEW YORK CENTRAL RAILROAD COMPANY and THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, at or Near Two Hundred and Forty-first Street in the Borough of The Bronx, City of New York.

THE NEW YORK CENTRAL RAILROAD COMPANY and Others, Respondents; THE CITY OF NEW YORK, Appellant.

First Department, April 5, 1917.

Public Service Commission — railroads — proceeding to eliminate grade crossing — objection to jurisdiction first taken upon appeal — authority of Public Service Commission to relocate railroad tracks, to require erection of new station, and to close city streets — court will not determine wisdom of order of Public Service Commission.

Where the Public Service Commission of its own motion institutes proceedings for the elimination of a railroad grade crossing, a portion of the cost of which will be imposed upon the city of New York under section 94 of the Railroad Law, the city, not having taken technical objections to the jurisdiction of the Commission at the hearing, cannot take such objections for the first time on an appeal to the Appellate Division, especially where the record shows that the city was afforded every opportunity to produce evidence and be heard.

In such proceeding the Public Service Commission has power and authority to make an order which requires, *first*, a change in the location of railroad tracks; *second*, the construction of a new station to take the place of an existing station which has been found to be inadequate; and *third*, the closing and discontinuance of portions of city streets.

Although the Appellate Division has authority to review the action of the Commission on questions of law, it will not determine whether or not the Commissioners arrived at the best solution of the questions before them.

APPEAL by The City of New York from a determination of the Public Service Commissions of the State of New York for the First and Second Districts and from the order made in accordance therewith and entered in the office of the secretaries of said Commissions on or about the 20th day of May, 1915, as amended and resettled by an order entered on or about the 3d day of August, 1915, and from the determination of said Commissions made at that time.

*Samuel J. Rosensohn,* for the appellant.

*George H. Walker,* for the respondent New York Central Railroad Company.

*H. M. Chamberlain,* for the respondent Public Service Commission for the First District.

SCOTT, J.:

The proceeding was instituted in March, 1915, by the Public Service Commission, First District, upon its own motion, under section 95 of the Railroad Law, as amended by chapter 354 of the Laws of 1913, by which a Public Service Commission is authorized in the absence of any application therefor and of its own motion to institute proceedings looking to the elimination of grade crossings. The hearing was first had before the Commission for the First District alone and a tentative order made. A rehearing being demanded by the city of New York, it was held by the two Commissions jointly, as authorized by law and as justified in the present case by the fact that the improvement ordered is the natural corollary of an improvement already ordered in the county of Westchester by the Commission for the Second District. The order appealed from is the result of such rehearing.

Briefly the order required as follows: (1) The removal of the tracks of the New York Central Railroad Company to a changed line of such railroad on an embankment about 200 feet to the west of the East Two Hundred and Forty-first street intersec-

tion and about 275 feet to the west of the East Two Hundred. and Forty-second street intersection in such manner that the center line of the railroad in its new location should be substantially identical with the prolongation of the Woodlawn tangent south of such points of intersection and substantially identical with the prolongation of the center line of the new roadbed of said railroad in the city of Mount Vernon north of such points of intersection; all such work to be done by the railroad company at its own expense.    (2) The construction of a new station at the new intersection of the New York Central railroad with East Two Hundred and Forty-first street to take the place of the existing station, which had been found to be inadequate, inconvenient and unsafe; all such work to be done by the railroad company at its own expense.    (3) The closing and discontinuance of those portions of East Two Hundred and Forty-first street and East Two Hundred and Forty-second street west of the westerly line of Bullard avenue and the diversion of traffic thereon to a viaduct to be constructed within the lines of East Two Hundred and Forty-first street in the city of New York and within the lines of Wakefield avenue in the city of Yonkers (Wakefield avenue being substantially a continuation of East Two Hundred and Forty-first street), the cost of such work to be apportioned, borne and paid as provided in section 94 of the Railroad Law.    Under section 94 of the Railroad Law (as amd. by Laws of 1914, chap. 378, and Laws of 1915, chap. 240) at least fifty per cent of the cost of the viaduct would be paid by the railroad company, not more than twenty-five per cent by the State and not more than twenty-five per cent by the city of New York.

The city of New York, the sole appellant, raises certain technical objections to the jurisdiction of the Commissioners to make the order appealed from.    All of these appear to us to be unsubstantial, and as none of them were made before the Commissioners, but are now taken for the first time on appeal they cannot be entertained, especially since the record shows very clearly that the city was afforded every opportunity to produce evidence and be heard.    If there was any technical defect in the proceeding, which we do not decide, it is evident that the city has not been prejudiced thereby, and by having failed to take the

objections earlier must be deemed to have waived them. (*Matter of Town Board* v. *Fitchburg R. R. Co.*, 53 App. Div. 16, 18; affd., 169 N. Y. 609.)

That the Commission had power and authority to make the order cannot be doubted. (*Danner* v. *N. Y. & Harlem R. R. Co.*, 213 N. Y. 117; *Matter of N. Y. C. & H. R. R. R. Co.* [*Village of Ossining*], 136 App. Div. 760; *Matter of Terminal Railway*, 122 id. 59; affd., 192 N. Y. 534.) The situation as disclosed by the evidence before the Commission showed very plainly that a condition existed which was undesirable, and would in time become intolerable and hence an appropriate occasion was presented for action by the Commission. Being satisfied that the Commissions had authority and jurisdiction in the premises we are not called upon to review their action with a view of determining whether or not they arrived at the best solution of the question before them. "It was not intended that the courts should interfere with the Commissions or review their determinations further than is necessary to keep them within the law and protect the constitutional rights of the corporations over which they were given control." (*People ex rel. N. Y. & Queens Gas Co.* v. *McCall*, 219 N. Y. 84.)

It is not a legal objection that the changes ordered by the Commissions involve a relocation of a part of the line (*Danner* v. *N. Y. & Harlem R. R. Co., supra*), and we could not say, even if it lay within our jurisdiction to do so, that the physical characteristics of the *locus in quo* did not justify such relocation.

After carefully considering all the objections that have been urged upon our attention by the appellant we are satisfied that none of them require the reversal of the order appealed from. It is, therefore, affirmed.

CLARKE, P. J., LAUGHLIN, DAVIS and SHEARN, JJ., concurred.

Order affirmed. Order to be settled on notice.