CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent (Washington county highway relocation proceedings).

*April 7—June 22, 1925.*

*Railroads: Highway relocations: Diverting traffic from grade crossings: Expense to railroad: Relative cost of paving existing or proposed highway.*

The fact that the grading and paving of a highway, as relocated by order of the railroad commission to divert traffic from railroad grade crossings, did not cost as much as it would to grade and pave an existing highway, did not deprive the commission of the power to require the railroad company to bear part of the expense of relocation.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The action involves an order of the *Railroad Commission* of Wisconsin, dated June 12, 1922, assessing the plaintiff $5,000 benefits on account of the relocation of state trunk highway No. 55 in Washington county, Wisconsin. State trunk highway No. 55 is one of the main thoroughfares for vehicular traffic from Milwaukee to Fond du Lac and points beyond. It is a heavily traveled highway, and the county of Washington proposes to improve the same' by the construction of an eighteen-foot concrete roadway. Between the villages of Barton and Kewaskum this highway crossed appellant's right of way and tracks at grade in two places located about three miles apart. Between these two crossings an east-and-west highway crossed the track at grade, connecting with and crossing highway No. 55 east of plaintiff's track. The county proposed to relocate a portion of said highway No. 55 by locating a new highway on the west side of and adjacent to appellant's right of way extending the entire distance between the two grade crossings first mentioned. By the relocation proposed, the county claimed that the through traffic would be diverted from the two grade crossings. It was not proposed to close any of the three grade crossings, as they would have to be kept open to the

public for access to points east and west of the railroad. Between the two crossings first mentioned the old highway passes over several ledges, and to improve it as the county proposed to improve the new highway would have necessitated the reduction of the grades thereon to the standard of not exceeding five per cent. This would mean the cutting down of some of the hills and filling up some of the depressions. The estimate of the county highway engineer showed that to improve the old highway between the crossings would have cost $123,569.96, including an eighteen-foot concrete pavement, and to construct the new highway, including right-of-way fences, bridges, and paving, would cost $122,315.09. This it is claimed would result in a saving to the county of over $1,200. The county engineer testified that the real advantage gained by the relocation was the avoidance of the two grade crossings. He also testified that another reason was the reduction in the length of the pavement, straightening of the road, and the elimination of the hills. The county engineer also estimated that the cost of grading and paving the portion of the old highway across appellant's right of way would be approximately $4,566, but it is claimed that this figure made no allowance for the actual track zone which would not be paved. The plaintiff's division engineer testified that the relocation would result in no benefit whatever to the appellant, but on the contrary would introduce a new hazard in the railroad operation caused by the confusing automobile lights upon the parallel highway which would seriously interfere with the view of the locomotive engineers, with the probable result that the engineers would make unnecessary emergency brake applications.

The *Railroad Commission* found that the county, by relocating the highways instead of improving the old road, had effected a saving of $1,254.87 and that the cost of grading and paving the old highway across the railroad right of way would be approximately $4,566. The *Commission* thereupon found that the relocation would benefit the railroad company in the sum of $5,000, which amount the

plaintiff was ordered to pay to the county treasurer for application to said relocation project.

This action was begun in the circuit court for Dane county to review the order of the *Railroad Commission.* No new evidence was introduced upon the trial and the case was submitted upon the record made before the *Railroad Commission.* The circuit court found that the cost of the right of way and fencing of the new highway was $5,616, which was more than the amount assessed against the plaintiff for benefits, and therefore the assessment was not in excess of the cost of the improvement; that no consideration could properly be given to the cost of paving either the old or new road; and that appellant should not be relieved of the burden of the assessment merely because the cost of paving the road, after its relocation, was less than the cost of paving the existing road. Judgment was entered accordingly, affirming the order of the *Railroad Commission,* from which judgment the plaintiff appeals.

For the appellant there were briefs by *R. N. Van Doren* and *Samuel H. Cady,* both of Chicago, and oral argument by *Mr. Van Doren.*

For the respondent there was a brief by the *Attorney General* and *C. A. Erikson,* deputy attorney general, and oral argument by *Mr. Erikson.*

ROSENBERRY, J. The statutes applicable to this case are set out and commented upon in *Chicago, M. & St. P. R. Co. v. Railroad Comm.* (*In re* Middleton relocation proceedings), involving the relocation of the highway between the villages of Middleton and Cross Plains, decided herewith (*ante,* p. 364, 204 N. W. 606).

The only question that we find it necessary to determine in this case which is not considered and determined in the case referred to is raised by the contention of the plaintiff that the relocation of the highway was accomplished without cost to the county because the grading and paving of the highway as relocated did not cost as much as it would have cost to have regraded and paved the former highway. It

may be conceded as contended by the plaintiff that the state may not under the police power levy an assessment in excess of the cost to the state of exercising such power. We are unable, however, to see upon what basis the claim of the plaintiff that the difference between the cost of grading and surfacing the old road and the cost of grading and surfacing of the new road should be applied for its benefit. State trunk highway No. 55 is not an entity. It is merely a name given to a route between two places which may be varied from time to time as the highway authorities may determine. It is in that respect not like a railway track connecting two points. The mere fact that, by the relocation of the highway, the highway authorities are not required to expend as large an amount in the improvement as they would have spent if it had not been relocated, is no concern of the plaintiff. As the trial court found, the relocation cost at least $5,616, which is more than the amount assessed against the plaintiff. It is entirely within the power of the highway authorities to improve both the old and the new way by grading and resurfacing. In such a contingency, would the plaintiff concede that the cost of paving the new way was a part of the cost of relocation? Whether it would be or not, we do not need to decide that question in this case. Whatever limitations there may be upon the power of the state to compel plaintiff company to contribute to the cost of the relocation of highways in order to avoid dangerous crossings they have not been exceeded in this case.

*By the Court.*—Judgment affirmed.