CITY OF HUDSON, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent.

*January 15—February 8, 1927.*

*Railroads: Order of railroad commission affecting grade crossing: Reasonableness: Burden on appeal.*

1. Under sec. 195.19, Stats., an order of the railroad commission requiring a railroad to improve the approaches of an overhead bridge on one street and to close the next parallel street to vehicular traffic, but to retain the automatic bell at the closed street and to keep the street open for the use of pedestrians, entered on the petition of a city for an order for the elimina-

tion of a dangerous condition at the crossing at the street closed, is *held* not unreasonable.   p. 230.

2. The supreme court cannot reverse an order of the railroad commission affecting a grade crossing which has been approved by the circuit court unless it is clearly unreasonable; and the appellant has the burden of showing that the order is unreasonable by clear and satisfactory evidence.   p. 230.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.   *Affirmed.*

This is an appeal from a judgment affirming an order of the *Railroad Commission* affecting a grade crossing on Second street in the city of *Hudson.*

In July, 1924, the city of *Hudson* complained to the *Railroad Commission* of the dangerous condition to public travel at the grade crossing on Second street in such city, over the tracks of the Chicago, St. Paul, Minneapolis & Omaha Railway Company, and asked that the railroad company be required to remedy the evil.   A hearing was ordered before the *Commission* and testimony taken.   The *Commission* thereupon, on October 8, 1924, entered an order requiring the railroad company to improve the approaches to the overhead bridge on Third street, one block east of the grade crossing; to close Second street to vehicular traffic; to retain the automatic bell then in use, and provide for travel over said crossing by pedestrians.

From such order an appeal was taken by the city of *Hudson* to the circuit court for Dane county, where additional evidence was taken, and then the matter was sent back to the *Commission* for further consideration.   The *Commission* thereupon gave the case further and careful consideration, with the result that it entered its order August 31, 1925, reaffirming its former order, and again transmitted the matter to the circuit court.   The circuit court thereafter, on December 17, 1925, entered its finding of fact, to wit: "That the order of the *Railroad Commission* herein dated October 8, 1924, is reasonable and lawful."

Judgment thereon was entered accordingly, from which

judgment the city appealed to this court. It assigned as error: That the trial court erred in finding that the order of the *Railroad Commission* dated October 8, 1924, was reasonable and lawful, and erred in ordering entry of judgment dismissing plaintiff's complaint and affirming the above named order of the *Railroad Commission*.

For the appellant there was a brief by *C. A. Disney* of Hudson, attorney, and *N. O. Varnum* of Hudson and *Schubring, Ryan, Clarke & Petersen* of Madison, of counsel, and oral argument by *Mr. William Ryan, Mr. Disney*, and *Mr. Varnum*.

For the respondent there was a brief by the *Attorney General* and *Suel O. Arnold,* assistant attorney general, and oral argument by *Mr. Arnold*.

CROWNHART, J. The statutes (printed in the margin hereof) [1] give the *Railroad Commission* very broad and

---

[1] "195.19 (1) Whenever a petition is lodged with the commission by the common council of any city, the village board of any village, the town board of any town, the county board of supervisors of any county, within or bordering upon which a highway or street crosses, or is crossed by a railroad, or within or bordering upon which a highway or street is proposed to be laid out across a railroad, or whenever such petition is so lodged by any railroad company whose track crosses or is about to cross, or is crossed, or about to be crossed by a street or highway, or whenever such petition is lodged by the state highway commission, in cases where provision has been made for the improvement of the highway adjacent to such crossing under the provisions of any state aid or federal aid law, to the effect that public safety requires an alteration in such crossing, its approaches, the method of crossing, the location of the highway or crossing, the closing of a highway crossing, and the substitution of another therefor, at grade, or not at grade, or the removal of obstructions to the view at such crossing, the relocation of the highway, or requires the determination of the mode and manner of making such new crossing, or of making the proposed improvement or promoting the public safety through any other reasonable method and praying that the same may be ordered, it shall be the duty of the commission to give notice to the proper party or parties in interest other than the petitioner, of the filing of such petition, and to proceed to investigate the same and to order a hearing thereon in the manner provided for hearings in section 195.17, and after such hearing the commission shall determine what, if anything, shall be done to promote the public safety and the means by

comprehensive powers to protect the public safety at grade
crossings of public highways over railroad tracks. The stat-
utes were enacted under the police power of the state, and
have been frequently sustained by this court. *Polk v. Rail-
road Comm.* 154 Wis. 523, 143 N. W. 191; *Milwaukee v.
Railroad Comm.* 162 Wis. 127, 155 N. W. 948; *Chicago &
N. W. R. Co. v. Railroad Comm.* 178 Wis. 485, 188 N. W.
86; *Chicago, M. & St. P. R. Co. v. Railroad Comm.* 187
Wis. 364, 204 N. W. 606; *Chicago & N. W. R. Co. v. Rail-
road Comm.* 187 Wis. 375, 204 N. W. 610; *Chicago, M. &
St. P. R. Co. v. Railroad Comm.* 187 Wis. 379, 204 N. W.
613.

A review of the evidence in this case indicates that the
*Commission* gave it very careful consideration and used its
best judgment based thereon. The *Commission* did not con-
sider its order final, but contemplated further consideration
in the future as the necessities of the public safety should re-
quire. It indicated a probable future separation of grades at

which it shall be accomplished, whether by the relocation of the
highway, the alteration in such crossing, approaches, mode of cross-
ing, location of highway crossing, closing of highway crossing,
with or without the substitution of another therefor at grade or not
at grade, the removal of obstructions to sight at crossing, or, by the
use of other reasonable methods, and by whom the same shall be
made, and in case of new crossings the mode and manner of making
them.

"(2) The commission shall fix the proportion of the cost and ex-
pense of such alteration, removals, and new crossings, or any other
work ordered, including the damages to any person whose land is
taken, and the special damages which the owner of any land adjoin-
ing the public street or highway shall sustain by reason of such
change in the grade of such street or highway, or by reason of the
removal of obstructions to view at such crossings, to be paid by the
railroad company or companies, and the municipality or munici-
palities in interest. In fixing such proportion the commission may
order the amount of such cost and expense and damages so appor-
tioned to be paid by the parties against which the apportionment
shall be made.

"(3) . . .
"(4) . . .
"(5) The commission, upon petition of the Wisconsin highway
commission, the county board of any county, the common council of
any city, the village board of any village or the town board of any

the Second-street crossing, and therefore wisely did not vacate the street at that point but retained it for pedestrians and for future action as might be required.

It seems unnecessary to analyze the statutes to show that the *Commission* had jurisdiction to enter the order in dispute. They speak plainly for themselves, as a careful reading will disclose.

This court cannot reverse the circuit court and the order of the *Commission* unless such order is clearly unreasonable, and the burden was on the appellant to show such unreasonableness by clear and satisfactory evidence. *Citizens Tel. Co. v. Railroad Comm.* 157 Wis. 498, 146 N. W. 798; *Chicago & N. W. R. Co. v. Railroad Comm.* 156 Wis. 47, 145 N. W. 216, 974. The order appealed from is not unreasonable in the view of this court.

*By the Court.*—The judgment of the circuit court is affirmed.

Stevens, J., took no part.

town to the effect that one or more of them have undertaken or propose to undertake to relocate an existing highway, to improve an existing highway, or to construct a new highway in such manner as to eliminate an existing highway grade crossing or crossings with any railroad or so as to permanently divert a material portion of the highway traffic from an existing highway grade crossing or crossings with any railroad, shall issue notice of investigation and hearing as provided in section 195.17, and if upon such hearing the commission shall find that the public safety will be promoted by reason of said highway relocation, improvement or new construction, the commission shall order said railroad company or companies to pay to the municipality or municipalities in interest such sum of money as the commission shall find to be an equitable portion of the cost of such highway relocation, improvement or new construction, and order such old crossings closed and new crossings opened as may be deemed necessary for public safety; provided, however, that if said highway relocation, improvement or new construction is financed with joint funds under any federal aid, state aid or county aid highway law, the commission shall order said railroad company or companies to pay said sum of money to the state treasurer, if the work is performed under a federal aid law, or to the proper county treasurer if the work is performed under a state aid or county aid law, and said sum of money shall be added to the joint fund available for the improvement of said highway and may be expended in like manner as the other portions of said fund."