Chicago, Milwaukee & St. Paul Railway Company, Appellant, vs. Railroad Commission of Wisconsin, Respondent.

*December 7, 1928—January 8, 1929.*

For the appellant there was a brief by *H. J. Killilea* and *Rodger M. Trump*, both of Milwaukee, and oral argument by *Mr. Killilea.*

For the respondent there was a brief by the *Attorney General* and *Suel O. Arnold*, assistant attorney general, and oral argument by *Mr. Arnold.*

ESCHWEILER, J.   The material part of sec. 195.19 (5), Stats., under which the petition was made to the Railroad Commission by the State Highway Commission in this proceeding, together with the material parts of the statute as it stood before the amendment by ch. 344 of the Laws of 1923 above mentioned, is, for convenience, here inserted. The bracketed words in the statute as we now quote it were in the prior law and were stricken out, and the words italicised were inserted or added by said amendment.

Sec. 195.19 (5), (former sec. 1797—12e (5).   "The commission, upon petition of the Wisconsin Highway Commission, the county board, etc., . . . to the effect that one or more of them have undertaken or propose to undertake to relocate an existing highway, . . . in such manner as to eliminate an existing highway grade crossing or crossings with any railroad or so as to permanently divert a material

portion of the highway traffic from an existing highway grade crossing or crossings with any railroad, shall issue notice of investigation and hearing as provided in section 195.17 [sec. 1797—12], and if, upon such hearing, the commission shall find that [the railroad company or companies in interest will be benefited by] *public safety will be promoted by reason of said* highway relocation, . . . the commission shall order said railroad company or companies to pay to the municipality or municipalities in interest such sum of money as the commission shall find to be [reasonably equivalent to the benefits received] *an equitable portion of the cost of such highway relocation, improvement or new construction, and order such old crossings closed and new crossings opened as may be deemed necessary for public safety;* . . ."

The material parts of the hearing statute therein referred to are also now quoted:

Sec. 195.17 (1), (former sec. 1797—12). "Upon complaint of," etc., "the commission may proceed to investigate the same as hereinafter provided. Before proceeding to make such investigation the commission shall give the railroad and the complainant ten days' notice of the time and place when and where such matters will be considered and determined, and said parties shall be entitled to be heard and shall have process to enforce the attendance of witnesses. . . ."

Many of the questions presented and argued on this appeal we consider unnecessary for discussion or determination, among others being the one as to what substantial change, if any, was made in sec. 195.19 (5) by said ch. 344 of the Laws of 1923.

We are convinced that as the statutes stood prior to the amendment of 1923, when the Highway Commission undertook to make this relocation and as the law stood thereafter and when the petition was made, November 15, 1925, by the Highway Commission, the relocation being then long an accomplished fact, the law required that, in order to lawfully assess against a railroad company situated as the plaint-

iff was, any part of such relocation expenses, proper notice should have been given, with an opportunity for it to be heard on the primary question concerning the making of such a proposed relocation.

This general hearing statute, sec. 195.17 (1), (former sec. 1797—12) *supra,* plainly requires that the matter for the consideration of the commission, namely, that of the proposed relocation, will be considered and determined at a time and place of which due notice must be given, and at which hearing parties entitled to such notice, and whose rights or interests may be affected thereby, shall be entitled to be heard.

The primary matter for consideration as referred to in such statutes is manifestly the proposed relocation itself; after that has been determined in favor of the proposed relocation, then, and as incident thereto, may come the question of the distribution of the burden of the necessary expenses incurred.

The record discloses no reason why notice was not given to the railroad company, plaintiff here, at the time the Highway Commission undertook to make such relocation, and why none was given until the one here presented, more than a year after the completion of the work; but such are the stipulated facts as to notice.

Manifestly it would be an idle ceremony, under the present notice, for the plaintiff to now offer evidence or be heard as to whether such relocation should have been made. The statute therefore so plainly providing for notice and hearing, we are not now concerned with any question as to whether such improvements could be made by public authorities and the costs thereof assessed against others without notice to such others or opportunity given them to be heard.

Prior to the amendment of 1923, *supra,* this court held that although the language then stricken out as above indicated spoke of "benefits" received by such railroad company

by reason of such change or improvement, nevertheless that the power thereby granted to the authorities was purely an exercise of the police power for public safety. In *Polk v. Railroad Comm.* 154 Wis. 523, 143 N. W. 191, involving a change in a grade crossing by proceedings before the Railroad Commission in September, 1912, and requiring plaintiff town to pay part of the cost of a required overhead bridge, it was said of the then statute, sec. 1797—12e, that it was an exercise of police power (p. 526). This express statement was reconsidered and repeated in *Milwaukee v. Railroad Comm.* 162 Wis. 127, 129, 155 N. W. 948, involving the Milwaukee grade separation and determining that the city should pay part of the cost in a proceeding instituted in 1909 under then sec. 1797—12e, *supra.* In *Chicago & N. W. R. Co. v. Railroad Comm.* 178 Wis. 485, 188 N. W. 86, this precise statute was considered in the Sheridan Road crossings, and again it was held that such a proceeding, whereby part of the cost of such an improvement could be assessed against a railroad, was under the police power (p. 491). The record in that case discloses that the first hearing was before the passage of ch. 255 of the Laws of 1919, but then all parties stipulated that the commission might proceed as though the petition had been filed after its passage.

This statute after its amendment by ch. 344 of the Laws of 1923, *supra,* was fully considered in the Middleton relocation (*Chicago, M. & St. P. R. Co. v. Railroad Comm.* 187 Wis. 364, 372, 204 N. W. 606) proceedings under sec. 84.05, Stats., and where the railroad was required to pay a share of the costs, and the above cited cases were referred to (pp. 366, 367), and it was again based upon the police power (p. 374). It was so again said in *Hudson v. Railroad Comm.* 192 Wis. 226, 212 N. W. 293.

In all of the above cited cases, however, notice was given to the railroad or interested party at the beginning of the proceedings and of the hearings when the primary question

as to whether the proposed improvement should be undertaken was to be determined, and no case is cited to us, nor do we find any, which would warrant the making of the order here reviewed, under the statutes involved. The right under the present statutes to such a notice and hearing is clearly recognized in *State ex rel. Reynolds v. Appleton, ante,* p. 442, 222 N. W. 244.

We cannot approve of respondent's suggested disposal of the matter by giving to the words of the statute and petition, "have *undertaken*," such a broad scope and meaning as to permit of their being deemed the equivalent of or including the substantially different term "have completed," which phrase is the necessary one to square with the facts here.

There having been no notice given to the plaintiff railroad company or any opportunity by it to be heard on the primary question as to whether or not the location should be made for which it is now attempted to assess a part of the expense against it, the defendant Railroad Commission had no proper authority to make the assessment which it did, and the same should be set aside.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the proceedings.