THE INHABITANTS OF THE CITY OF TRENTON AND EVERETT TOWNSEND, PROSECUTORS, *v.* TRENTON AND MERCER COUNTY TRACTION CORPORATION ET AL., RESPONDENTS.

Argued October 16, 1918—Decided October 18, 1918.

Whether a street railway shall run some parts of its line at a loss, perhaps with a view to future development or future gain or with a view to greater public service, is a business question to be determined by the railway, subject to the control of the board of public utility commissioners, and the fact that the street railway loses money by the operation of suburban lines is no valid reason why the rate charge throughout its whole system should not be increased.

On *certiorari*.

Before Justice SWAYZE.

For the prosecutors, *George L. Record* (*Charles E. Bird* with him).

For the traction corporation, *Frank S. Katzenbach, Jr.* (*Edward M. Hunt* with him).

For the public utility commissioners, *L. Edward Herrmann*.

The opinion of the court was delivered by

SWAYZE, J.   Most of the points made in this case are sufficiently dealt with in the opinion in *O'Brien* v. *Public Service Railway Co., ante p.* 44.   The only argument calling for remark is that the street railway lost $86,000 a year by its operation of suburban lines, and that this loss cannot be made up by profits on the operation of lines in the city of Trenton. Whether the railway shall run some parts of its line at a loss, perhaps with a view to future development or future gain, perhaps with a view to greater public service, is a business question to be determined by the railway subject to the control of the public utility commission.   It is settled that the correct legal test is the effect on the railway's entire line and not upon that part which was formerly a part of one of the consolidating roads.   *St. L. & San Francisco Railway* v. *Gill,* 156 *U. S.* 649, 665.   The test has recently been applied in the case of a street railway.   *Puget Sound Traction Co.* v. *Reynolds,* 244 *Id.* 574.   A rule which would deprive suburban communities of street railway service might be much to the advantage of great cities like Trenton, but work harm to rural communities, and perhaps be to the disadvantage of the state as a whole.   There is a general public interest in having thinly populated and relatively poor sections helped by the more densely populated and richer communities.   Public roads are a good illustration.   We can readily picture to ourselves the state of our roads if every mile depended for its upkeep upon the revenues traceable to that mile.   The law as to railways is settled adversely to prosecutors' contention.

The order in this case must be affirmed, with costs.