Allen, J.
 

 The single question presented in this case is whether the Logan Gas Company has the right to file a second schedule, schedule No. 8, establishing further increased rates during the pendency of the hearing as to the reasonableness of the rates shown by schedule No. 7.
 

 The sections of the General Code which are to be interpreted read in their pertinent portions as follows:
 

 Section 614-18: “No public utility shall charge, demand, exact, receive or collect a different rate, rental, toll or charge for any service rendered, or to be rendered, than that applicable to such service as specified in its schedule filed with the commission and in effect at the time.”
 

 Section 614-20, as amended by 110 Ohio Laws, p. 366: “Unless otherwise ordered by the commission, no change shall be made in any rate * * * as shown upon the schedules which shall have been
 
 *112
 
 filed by a public utility in compliance with the requirements of this act, or by order of the commission, except after thirty days’ notice, in writing, to the commission, which notice shall plainly state the changes proposed to be made in the schedule then in force, and the time when the change, * * * shall go into effect; and all proposed changes shall be plainly indicated, * * * but the commission may prescribe a less time when they may take effect, provided, however, that if the proposed change shall effect an increase in the rate, * * * notice, * # * published once each week for three consecutive weeks before the effective date thereof, unless the commission shall authorize a less time, shall be given by publication. * * *
 

 “Whenever there shall be filed with the commission any schedule effecting an increase in any rate * * * the commission shall have, and it is hereby given authority, either upon complaint or upon its own initiative without complaint, at once, and if it so orders without answer or other form of pleading by the interested public utility, but upon reasonable notice, to enter upon a hearing concerning the propriety of such rate; * * * and pending such hearing and the decision thereon, the commission upon filing with such schedule and delivering to the public utility * * * a statement in writing of its reasons for such suspension, shall suspend the operation of such schedule and postpone the use and operation of such rate, * * * but not for a longer period than one hundred and twenty days from the time when such schedule was filed with the commission; and after a full hearing,
 
 *113
 
 whether completed before or after the rate * * * goes into effect, the commission may make such order in reference to such rate, * * * as would be proper in a proceeding initiated after the rate * * * had become' effective; provided, that if any such hearing cannot be concluded within the period of suspension, as above stated, such rate * * * shall go into effect at the end of such period of suspension upon the public utility filing with the commission a bond * * * to the satisfaction of the commission, securing * * * the repayment, with interest, * * * ■ to all the consumers of such portion of such increased rate, * * * collected by such utility as the commission, upon final hearing, may determine to have been unreasonable or excessive. * * *
 

 “All rates * * * heretofore or hereafter fixed and determined by any order of the commission under the provisions of this chapter shall be in force and be
 
 prima facie
 
 lawful for two years from their effective date or until changed or modified as provided by law; provided, however, that after any such rate * * * shall have been in force for a period of two years, the same may be changed by the public utility affected in the manner provided in this section; and that nothing herein contained shall be construed as in any way affecting the right of any person or public utility to make application, as provided in Sections 614-21 and 614-23 of the General Code or otherwise as provided by law, for an order rescinding, altering or amending any order of the commission within said two year period or thereafter.
 

 
 *114
 
 “At any hearing involving a rate increased or sought to be increased after this section shall have become effective, the burden of proof to show that the increased rate or the proposed increased rate is just and reasonable shall be upon the public utility and the commission shall give to the hearing and decision of such question, preference over' other questions pending before it, and decide the same as speedily as possible.”
 

 The commission claims that under the provision of Section 614-20, General Code,- which reads that “all rates * * * determined by any order of the commission * #
 
 *
 
 shall be in force and be
 
 prima facie
 
 lawful for two years from their effective date,” the utility cannot file a new rate while an investigation is being held upon the first rate, and while the final hearing has not yet been had upon, the question of the propriety of the first rate, because the first rate has been fixed and determined by order of the commission fixing the bond filed by the company.
 

 We have little sympathy with this contention, for the reason that no rate has been fixed in this case under either schedule by any order of the commission. Up to this point nothing has been done by the commission except to suspend schedule No. 7 and to approve a bond, which is not a fixing or determination of any rate. A different question arises, however, as to whether the rate set in schedule No. 7 is in effect. Section 614-20, in addition to the provision with regard to the
 
 prima facie
 
 legality of a rate for two years after being fixed and determined by any order of the commission, contains the provision:
 

 
 *115
 
 “If any such hearing cannot be concluded within the period of suspension * * * such rate *
 
 * *
 
 shall go into effect at the end of such. period of suspension upon the public utility filing with the commission a bond * *
 

 All of the above conditions have been complied with in the instant case. The rates of schedule No. 7 were suspended. The hearing upon the reasonableness of those rates cannot be concluded within the period of suspension. The public utility has filed a bond with the commission, which has been approved by the commission, securing the repayment to consumers with interest of that portion of the increased rate collected by the utility under schedule No. 7, which the commission upon final hearing may determine to have been unreasonable or excessive. Hence under the statute these rates, the rates of schedule No. 7, have gone into effect, for the period of suspension has ended.
 

 The rates, therefore, are in effect, not by any order of the commission but under the plain terms of the statute. In other words, there are two methods by which a rate goes into effect: First, a rate filed with the commission upon which a suspension is ordered, if the hearing upon the rate cannot be concluded within the period of suspension, goes into effect at the end of the period of suspension when the public utility files a bond approved by the commission. This rate remains in effect until such time as the commission concludes its investigation and holds its hearing and fixes and determines a rate. • The second method by which a rate goes into effect is by order of the eommis
 
 *116
 
 sima upon hearing had, and the rate so fixed by order of the commission is in force and
 
 prima facie
 
 lawful for two years from the effective date of the rate so fixed. Under the first method the temporary rate goes into effect under the provisions of the statute. The final rate goes into effect in accordance with statute, but under the order of the commission. The statute makes each rate effective for all purposes during the period for which it is made effective.
 

 The utility argues that it can change its rates, asserting that the common-law power of a utility to alter its rates has not been affected by statute. However, the Ohio Code, Section 614-18, provides that no public utility shall charge, demand, exact, receive, or collect a different rate for service rendered, or to be rendered, other than that applicable to such service, as specified in such schedule filed with the commission and in effect at the time.
 

 Schedule No. 7 is now in effect under Section 614-20. It was filed with the commission; bond was filed by the company pursuant to the statute; hence it is now in effect.
 

 The purpose of the filing of schedule No. 8 is, of course, that the utility may charge, demand, exact, receive and collect a different rate from that contained in its schedule No. 7. The filing of the schedule under our statutes is an indispensable and integral part of the making of the charge by the public utility. The only way in which the utility may charge a lawful rate is by filing a schedule and proceeding thereunder in accord
 
 *117
 
 anee with the Code. Hence if the utility is permitted to file this second schedule for the purpose of demanding different rates from those contained in schedule No. 7, it will be violating the spirit and intention of Section 614-18, because the first schedule has been filed with the commission and is in effect at this time.
 

 In this view of the matter, the power of the utility to file schedules up until the time it accepts the rate by filing a bond with the commission, which is approved under the provisions of Section 614-20, is not in question here. After the utility files its bond, taking this deliberate action to put a certain schedule into effect, it is precluded thereafter from filing subsequent schedules, because the initial schedule of rates has gone into effect and the utility cannot charge different rates from those in effect in its schedule filed with the commission.
 

 There are arguments of policy in favor of this holding. If the utility can file a schedule No. 8 during the pendency of a hearing upon schedule No. 7, it can successively file schedules 9, 10, and 11 during the pendency of , such hearing. If it can prepare one new schedule, before the hearing upon the first one under investigation is completed, it can prepare several. Moreover, the cities which did not protest the first rates, and have protested the second rates, could not be bound by the testimony used in the first hearing. It may be questioned whether the commission could consolidate the separate proceedings upon the separate schedules. If it could not, the filing of successive schedules under the circumstances set forth herein, would lead to endless administrative confusion.
 

 
 *118
 
 Since the statute provides for payment of the expense of the investigation of the rate, and since the expense may ultimately he borne by the consumers (Section 614-78), the utility could, by successively filing different schedules, exhaust the consumers and raise its rates repeatedly with the successive investigations to be held upon successive hearings. This is not justified as a. matter of principle, nor is it, as above demonstrated, authorized by law.
 

 The utility contends that if it is precluded from claiming an increased rate during the time which is spread over the investigation its property is confiscated. In view of the existence of Section 614-32, this statement may. be questioned. However, the utility need not file a bond and accept the temporary rate. Section 614-20 does not make this action mandatory upon the utility. It gives the utility that privilege so that it may accept the rate, which it has here in fact done by filing the bond, and the rate having gone into effect under the statute the utility is bound by' its own action.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias, Hay, Kinkade and Robinson, JJ., concur.