MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN, Respondent.

*March 13—April 6, 1920.*

*Public utilities: Action to set aside order of railroad commission: Rates: Test as to reasonableness: Urban and suburban railways operated as one system.*

Where a public utility operated street railways and suburban railways as one system, the reasonableness of the rates fixed by the railroad commission as to the operation of the suburban line is not affected by the fact that such line will be operated at a loss under the rates so fixed, the test of reasonableness being the effect upon the system as a whole.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside an order of the *Railroad Commission* requiring the plaintiff to continue the operation of one of its suburban lines because it is unreasonable in that it requires plaintiff to operate it at a loss based upon the rates fixed by the *Commission* and received from the operation of such line. The *Commission* entered a general demurrer to the complaint, and from an order sustaining it the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and for the respondent on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

VINJE, J.    The complaint shows that the plaintiff operates a system of urban and suburban railways in and about the city of Milwaukee and its suburbs, and it alleges that the order complained of is unreasonable because its suburban system for a long time past has been operated at a loss.

The question raised by the demurrer is, Does the complaint state a cause of action without alleging that its entire system will be operated at a loss?    The trial court answered it in the negative on the ground that the true test is not the effect of the order upon a single line or upon a part of a system but upon the whole system, and cited *Puget Sound T., L. & P. Co. v. Reynolds,* 244 U. S. 574, 581, 37 Sup. Ct. 705, 61 L. Ed. 1325, 1330, to sustain the ruling.    It appears that for the purpose of fixing rates the *Railroad Commission* has treated the urban and suburban lines as one system and plaintiff takes no exception to such treatment, but suggests that it may run counter to the decision of this court in *Zehren v. Milwaukee E. R. & L. Co.* 99 Wis. 83, 97, 74 N. W. 538, where it was held that a street railway upon a country highway constituted an additional burden thereon requiring condemnation under ch. 175, Laws 1897, and that the corporate limits of a city marked the boundary where such additional burden began.    It is not perceived how this decision affects the *Commission's* treatment of plaintiff's system of street railways as constituting one system for rate-making purposes; nor has our attention been called to any other case in this court running counter to the *Commission's* view.

The general rule of law is that the true test of the reasonableness of a rate is its effect upon the entire system operated by the public utility, and not whether a particular part

State ex rel. Shawano v. Engel, 171 Wis. 299.

thereof is operated at a profit or loss under the prescribed rate. *St. Louis & S. F. R. Co. v. Gill,* 156 U. S. 649, 15 Sup. Ct. 485; *Puget Sound T., L. & P. Co. v. Reynolds,* 244 U. S. 574, 37 Sup. Ct. 705; *Groesbeck v. D., S. S. & A. R. Co.* 250 U. S. 607, 40 Sup. Ct. 38; *People v. McCall,* 245 U. S. 345, 38 Sup. Ct. 122; *Trenton v. Trenton & M. Co. T. Corp.* 92 N. J. Law, 61, 105 Atl. 136.

The case of *Brooks-Scanlon Co. v. Railroad Comm.* 251 U. S. 396, 40 Sup. Ct. 183, relied upon by plaintiff, differs radically from the case at bar. There the plaintiff was engaged in a private lumber business and also in operating a public railroad, and it was held that the profits made in the private lumber business could not be taken into account in determining whether the railroad was run at a loss. Here we have no such situation. Plaintiff's street railways are a public utility run as a single system. It is not engaged in two separate businesses, one private and the other public, both of which are sought to be included in a consideration of the profits of the latter, as in the *Brooks-Scanlon Case.* The trial court properly held that the complaint failed to state a cause of action.

*By the Court.*—Order affirmed.