UNION CO-OPERATIVE TELEPHONE COMPANY, Respondent, vs. PUBLIC SERVICE COMMISSION OF WISCONSIN and another, Appellants.

*November 13—December 8, 1931.*

For the appellant Public Service Commission there was a brief by *David E. Lilienthal* of Madison, counsel, the *Attorney General,* and *Samuel Bryan,* assistant attorney general, attorneys, and oral argument by *Mr. Lilienthal* and *Mr. Herbert H. Naujoks,* assistant attorney general.

For the appellant Ontario and Wilton Telephone Company there was a brief by *Z. S. Rice* of Sparta and *Sanborn, Blake & Aberg* of Madison, and oral argument by *Mr. Chauncey E. Blake* and *Mr. Rice.*

*O. W. Sprecher* of Sparta, attorney, and *Alton S. Heassler* of Madison of counsel, for the respondent.

Owen, J.  For a number of years the Ontario and Wilton Telephone Company had been operating as a public utility, furnishing telephone service, with two exchanges, one at Ontario and one at Wilton, its lines radiating from these central exchange switchboards serving tributary rural territory.  The patrons of said utility, resenting a proposed change of rates authorized by an order of the Railroad Commission dated December 30, 1927, discontinued their patronage and caused the incorporation of the Union Co-operative Telephone Company, with the purpose that .the said Union Co-operative Telephone Company should enter the field and become a competitor of the Ontario and Wilton Telephone Company.  On March 19, 1930, the Union Co-operative Telephone Company petitioned the Railroad Commission for a certificate of convenience and necessity and for authority to extend its lines into territory then occupied and served by the Ontario and Wilton Telephone Company.  The application was denied by the Railroad Commission.  Upon an appeal from said order to the circuit court for Dane county such order was vacated and set aside.

This appeal presents the question of the correctness of the judgment of the trial court.  At the outset of our consideration of this case arises the question whether the granting or refusing of an indeterminate permit by the Public Service Commission presents a justiciable question.  The authority of the commission in that behalf is conferred by sec. 196.50, Stats., which provides:

"No license, permit or franchise shall be granted to own, operate, manage or control any plant or equipment for the conveyance of telephone messages, or for the production, transmission, delivery or furnishing of heat, light, water or power in any municipality, where there is in operation under an indeterminate permit a public utility engaged in similar service, without first securing from the commission a declaration, after a public hearing of all parties interested, that public convenience and necessity require such second public utility."

The dominant purpose of the utility law (ch. 196, Stats.) is to secure and insure adequate service on the part of public utilities at reasonable rates. With a view of accomplishing that purpose, the regulation of utilities has been committed to the Public Service Commission, and upon that commission has been conferred powers deemed essential or convenient to the end sought to be attained. A franchise to operate a public utility is a legislative privilege. It may be granted or withheld at the pleasure of the legislature, and where the legislature acts directly upon the subject no justiciable question results. The legislature cannot be coerced to grant the privilege no matter what its reasons for withholding the same and no matter whether the public convenience would be promoted by granting the privilege. The power of granting a certificate of convenience and necessity which the legislature has delegated to the Public Service Commission by sec. 196.50, Stats., is legislative in character. The power delegated or conferred is broad. So far as the language of the section is concerned it is absolute. The grant of the power is accompanied by no conditions whatever. If we consider only the language of the grant of this specific power it would seem that the power granted was as broad and comprehensive as the power of the legislature itself, and, if so, their decision upon that question presents no issue upon the merits which a court may review. However, if we look to the entire act we discover some indication of a legislative intent that all orders of the commission shall be subject to the test of reasonableness. Sec. 196.41 provides:

"Any public utility or railroad and any person in interest being dissatisfied with any order or determination of the commission may commence an action in the circuit court for Dane county against the commission as defendant to vacate and set aside such order or determination on the ground that it is unlawful, or unreasonable."

This provision would seem to indicate that the legislative purpose was to make every order or determination of the

commission reviewable by the court upon the question of whether such order or determination was a reasonable exercise of the powers of the commission, and that the test of reasonableness is impliedly attached to each and every of its orders and determinations, whether such condition be expressed in the act or not. However, we do not deem a decision of this question essential to the disposition of this case. We mention it here principally for the purpose of arousing consideration of the question when such an order shall again be subjected to the review of the courts.

In this case there appears to be no reason for disturbing the order or determination of the commission withholding the certificate of convenience and necessity. The former Railroad Commission denied the certificate for the reason that, if there was any inadequacy of service on the part of the existing utility, those interested in such service and in the promotion of a second utility had not exhausted the remedies available to them for the improvement of the service. The former Railroad Commission in denying the certificate said:

"Where evidence tends to show inadequacy of service, but no steps have been taken to secure the exercise of the commission's power for the correction of the inadequacy, public convenience and necessity do not require the entrance of a new company into territory already occupied and fully covered by an existing company. For all that appears in the evidence the existing facilities may be easily capable of correction when the proper steps have been taken."

We think this consideration fully justified the former Railroad Commission in its denial of the certificate. The legislative scheme is to give a public utility a monopoly in its territory, and to secure adequate service at reasonable rates through the regulatory powers conferred upon the commission. While it is within the power of the commission to grant a certificate of convenience and necessity which

will open the way for a competitor in the field, it is not unreasonable for the commission to withhold a certificate where the patrons of the utility have taken no steps to coerce such service through the agency which the legislature has established for that purpose.

The present Public Service Commission, while conceding the action of the former Railroad Commission to have been justified, doubts the public policy of the reason given by the Railroad Commission for its determination. They say that the power lodged with the commission to permit competition by the granting of this certificate should be used by the commission in such a manner as to stimulate public utility companies to the rendition of good service, and that the regulatory commission should not declare that a certificate of convenience and necessity will not be granted unless and until the regulatory powers of the commission have been invoked by those complaining of inadequate service and such powers exhausted. In the use of this power the commission is no doubt vested with a very broad discretion, no matter whether its determinations in such respect may or may not be subject to the review of courts. The policy to be followed in the exercise of the power is one very largely in the discretion of the commission, and in no event will its orders or determinations in such matters be disturbed by the courts unless its exercise thereof transgresses the boundaries of reason, as that term is defined in *Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* 136 Wis. 146, 165, 116 N. W. 905. While the Public Service Commission does not approve the reason assigned by the former Railroad Commission for the denial of the certificate, it does approve of the determination because there was no showing made by the applicant that it possessed the proper financial ability to install and maintain a competing utility. This seems to be a condition required by many public service commissions before such a certificate will be granted. *In re Gulick* (1925)

26 Cal. R. C. R. 312, P. U. R. 1925 E, 359; *In re Fulton Petroleum Corp.* (Colo. P. U. C.) P. U. R. 1931 A, 373; *In re Wyoming-Montana P. L. Co.* (Wyom. P. S. C.) P. U. R. 1931 B, 63; *In re Universal Bus Line Co.* (Ill. C. C.) P. U. R. 1923 B, 90; *In re St. Louis Kansas City Short Line,* 15 Mo. P. S. C. R. 327, 344. The supreme court of Illinois set aside a certificate of convenience and necessity issued by the public service commission of that state for the reason that the application was not supported by proof showing that the applicant possessed the financial ability to furnish an adequate service or to otherwise discharge its duties as a public utility in the field which it was authorized to enter. *Roy v. Illinois Commerce Comm.* 322 Ill. 452, 153 N. E. 648. Such a showing would seem to be a very reasonable requirement if exacted by the administrative body as a condition precedent to the issuance of the certificate, and all that can be said is that this would seem to furnish an additional reason justifying the withholding of the certificate by the Railroad Commission. The determination of the Railroad Commission here challenged was fully justified by either of the considerations above mentioned, and the circuit court was in error in vacating and setting aside the order of the commission.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment affirming the order of the Public Service Commission.