No. 32,767

In the Matter of the Application of THE INLAND PIPE LINE COMPANY for Certificate of Convenience and Authority to Transact the Business of a Public Utility in the State of Kansas (THE INLAND PIPE LINE COMPANY and THE STATE CORPORATION COMMISSION, *Appellees*, v. THE AMERICAN PIPE LINE COMPANY, *Appellant*).

(57 P. 2d 65)

Opinion filed May 9, 1936.

*Glenn W. Clark*, of Bartlesville, Okla., for the appellant.

*Edward H. Rees, Everett E. Steerman*, both of Emporia, and *Charles W. Steiger*, of Topeka, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This appeal is from a judgment of the district court of Marion county which upheld the validity of a certificate of convenience and necessity issued to the Inland Pipe Line Company by the state corporation commission.

It appears that in 1933 this domestic corporation was chartered for the purpose of constructing pipe lines for the transportation of natural gas and the usual functions incidental thereto.

Thereafter, on July 14, 1933, this company applied to the state

corporation commission for a certificate of convenience and necessity to authorize it to transport natural gas from the gas-producing fields of Reno county to Emporia, and to distribute and supply gas to certain cities and hamlets en route.

The state corporation commission set the date of July 25, 1933, for the hearing of the application. Notice was sent to certain other gas utility corporations which might be concerned as competitors. One of the latter was the American Pipe Line Company which was supplying Emporia with gas drawn from a production area some twenty miles away. For the convenience of counsel for the latter company the hearing set for July 25 was postponed until August 3, and later until August 24, at which time the application was granted. The order of the commission reads:

"It is therefore by the commission considered and certified that public convenience will be promoted by the Inland Pipe Line Company, a corporation, of Emporia, Kan., engaging in the business of transporting natural gas by means of pipe lines to the city of Emporia, Kan., and to other cities and towns in the vicinity of the territory through which said pipe line is operated, and to furnish gas for any and all such towns and cities as may desire, in the state of Kansas, and said corporation be and is hereby permitted to transact the business of a public utility in the state of Kansas as hereinbefore designated."

The American Pipe Line Company applied for a rehearing on various grounds. This was denied, and this company filed in the district court its application for review as authorized by statute. (R. S. 1933 Supp. 66-118c.)

The district court heard the cause upon the application and a transcript of the record made before the commission, in conformity with R. S. 1933 Supp. 66-118d *et seq.*, and made a finding that the order of the Kansas State Corporation Commission, "from which appeal herein was taken, is lawful and reasonable," and should be sustained.

Judgment was entered accordingly and the American Pipe Line Company now brings the matter before this court for further review.

Appellant's first contention is that the order of the commission granting a certificate of convenience and necessity to the Inland Pipe Line Company was unreasonable because the territory it proposed to serve was already adequately served by appellant and other public utility companies already occupying the field. That point, however, is so largely a question of administrative discretion, and so little a judicial question, that a clear case of abuse of discre-

tion would have to be established before a court would be authorized or justified to interfere. It can hardly be said that such an extreme case is disclosed by the record. The Inland company showed that it did have some hopeful prospects of serving small towns and villages en route between the Reno county gas fields and Emporia which are not now served by any gas company. Indeed, it had some contracts to that effect, and also tentative contracts conditioned on the obtaining of a certificate of convenience and necessity. Even in Emporia itself, the prospect of patronage was hopeful, being predicated on an assumption (not shown to be unreasonable) that it could deliver gas thereat at a considerable reduction below the rates charged by the appellant or any other utility company serving the city. Appellant has an argumentative point of considerable force—at least when addressed to the corporation commission—that if its rates are too high or its service is inadequate the commission has ample power to lower its rates and to compel it to give efficient and sufficient service. But it cannot be judicially declared that such a course was the exclusive one the commission was bound to pursue. This argument was vigorously urged on this court in *Southern Kansas Stage Lines Co. v. Public Service Comm.*, 135 Kan. 657, 11 P. 2d 985, where the legality of a certificate of convenience and necessity was drawn in question by a public utility corporation serving the territory sought to be invaded by the new certificate holder. In that case a certificate of convenience and necessity was issued to a truck line which proposed to operate between Wichita, Winfield and Arkansas City. Such a service was already supplied by other concerns. The new company did propose to operate over a different intermediate route, but the bulk of its prospective business was at the terminals of the route well served by competing utilities. The district court enjoined the commission from issuing the certificate. In its findings of fact was one that there had been no complaint as to the sufficiency of the existing service. We said that finding was not of controlling importance. The trial court found that there was not sufficient showing of the public necessity and convenience to be served by competing truck lines. We said that finding was an unauthorized substitution of the court's judgment for the judgment of the tribunal authorized to determine the point. The trial court found that another truck line would divide the business, reduce the profit and cripple the service of the older company. This court held that finding was not of controlling importance, that it invaded the

field of prophecy—which was outside the scope of judicial review. Continuing, this court said:

"Plaintiff is quite right in stressing the mandate of the statute (R. S. 1931 Supp. 66-199) that 'the commission should give reasonable consideration to the transportation service being furnished by any . . . motor carrier and shall give due consideration to . . . the effect which such proposed transportation service may have upon other forms of transportation service which are essential and indispensable to the communities to be affected by such proposed transportation service or likely to be affected thereby. . . .' Of course the commission should give these matters consideration. A conscientious commission would do so if there was no such mandate in the statute. The granting or withholding of certificates is not a prerogative to be capriciously exercised. (*Jackman v. Public Service Commission,* supra.) It is to be exercised with sound discretion to promote the public convenience. But it is the sound discretion of the commission, not that of the courts, which is to be exercised in the issuance or refusal of certificates of convenience and necessity." (p. 665.)

To like effect are our other recent cases: *Atchison, T. & S. F. Rly. Co. v. Public Service Comm.,* 130 Kan. 777, 288 Pac. 755; *Union Public Ser. Co. v. Corporation Comm.,* 140 Kan. 722, 37 P. 2d 1010.

It is next contended that the trial court erred in refusing to remand the case to the corporation commission so that some matters which it is alleged the commission took into consideration in granting the certificate, but which were not included in the record, should be formally introduced and made part of the record. The substance of those matters pertained to an informal inquiry by the commission concerning the Inland Pipe Line Company's prospects and plans for financing its corporate undertaking—where it expected to get the money, whether by stock subscriptions, bond issues or otherwise. But those matters were not vital to the determination of the question whether public convenience and necessity would be served by the granting or withholding of the certificate applied for. A corporation chartered in this state is not required to have its entire capitalization subscribed and paid up before it can commence business. (R. S. 17-214; 17-226.) Having a nominal capitalization of $25,000 the promoters of this corporation did subscribe for all its stock, 1,000 shares of no par value; and apparently it got together all the money it would ever need unless a certificate of convenience and necessity were issued to it to carry on its proposed corporate undertaking. Competent witnesses testified that it would cost from $600,000 to $800,000 to acquire the right of way and to construct the proposed pipe line from the Reno county gas fields to Emporia. But it would be sheer folly for the parties concerned to attempt to collect that

vast sum of money through the sale of bonds or otherwise unless and until the certificate applied for should be granted. And while diligent counsel for appellant has discovered and cited respectable authorities to the effect that a certificate of convenience and necessity should not issue unless the applicant makes a satisfactory showing of its ability to finance its corporate projects, that question is not a justiciable one to be threshed out on issues joined between the applicant and some adversary, like appellant in this particular proceeding, before the commission. Suppose the record had been amplified, as demanded by appellant, to show precisely what tentative arrangements for the sale of a bond issue the applicant has made with some John Doe Bonding Company to raise the requisite funds to build the pipe line, should the appellant also have been permitted to show that that bonding company could not effect a sale of the bonds nor otherwise successfully market them? We think the mere suggestion of this proposition shows that it is untenable. In due time the corporation commission must and doubtless will scrutinize carefully the applicant's proposed bond issue, as well as its other fiscal arrangements and policies which may affect its rates and services to the public; but that matter does not necessarily enter into the question whether public convenience and necessity will be served by granting the certificate applied for.

Cases cited in appellant's brief which we have examined are: *Re Cort*, P. U. R. 1932B, 45; *Union Coöp. Telephone Co. v. Public Service Comm.*, 206 Wis. 160, 239 N. W. 409; *Sproul v. Federal Radio Commission*, 54 F. 2d 444; *Re McCone*, P. U. R. 1933C, 85; *Re Victor A. Cornelison*, P. U. R. 1932A, 103. These cases are sound, instructive and interesting, but in none of them did the granting or refusing of a certificate of convenience and necessity turn on an issue of fact joined between the existing utility and the applicant touching the adequacy of the latter's plans for financing the services it proposed to establish.

In *Southside Transp. Co. v. Com.*, 157 Va. 699, 161 S. E. 895, and *Re Armentrout*, P. U. R. 1927 E, 728, both cited by the appellant, the question for decision was which of two applicants should be granted the certificate of convenience and necessity. Quite properly the Virginia supreme court held, as did the Colorado public utilities commission in the Armentrout case, that the applicant with the sounder financial structure and prospects should be granted the certificate. It is difficult to discern any analogy between either of these cases and the one at bar.

Appellant does cite one case, *Roy v. Commerce Com.*, 322 Ill. 452, 152 N. E. 648, which lends some support to appellant's contention. In that case a railway company desired to change the location of its railway track connecting two different branches of its road, and to that end it created a nominally independent corporation which applied to the Illinois commerce commission for a certificate of convenience and necessity. The commission granted the certificate over the objection of the city of Evanston and various other parties who felt prejudiced by the order. They appealed to the superior court which sustained the order of the commission. They next appealed to the supreme court which reversed the judgment of the lower court and directed that the order of the commerce commission be set aside. In *Union Coöp. Telephone Co. v. Public Service Comm.*, 206 Wis. 160, 239 N. W. 409, the Wisconsin action in the circuit court was to review an order of the public service commission which had refused to grant the appellant a certificate of convenience and necessity. The circuit court entered judgment for appellant. The public service commission appealed. The supreme court reversed the judgment. In the course of its opinion it commented on the Illinois case cited above, saying:

"The supreme court of Illinois set aside a certificate of convenience and necessity issued by the public service commission of that state for the reason that the application was not supported by proof showing that the applicant possessed the financial ability to furnish an adequate service or to otherwise discharge its duties as a public utility in the field which it was authorized to enter. *Roy v. Illinois Commerce Comm.*, 322 Ill. 452, 153 N. E. 648. Such a showing would seem to be a very reasonable requirement if exacted by the administrative body as a condition precedent to the issuance of the certificate, and all that can be said is that this would seem to furnish an additional reason qualifying the withholding of the certificate by the railroad commission." (p. 166.)

This court holds that the information which the applicant may have given privately to the corporation commission touching its plans and prospects for financing the pipe line if the certificate should be granted was not of controlling importance in the judicial review of the commission's order provided by statute.

Touching the appellants' contention that the granting of the certificate to the Inland Pipe Line Company will operate to confiscate and destroy the value of its property, there are two answers. Neither the commission nor the trial court were bound to believe that such a pessimistic prophecy would inevitably materialize; and if the public convenience and necessity would be served by the granting of a cer-

tificate to a competitor, the consequence to the existing utility, however inevitable, did not require that the certificate be refused, nor would it demonstrate that the judgment of the trial court was erroneous and prejudicial.

There is nothing further in the record to justify discussion, and the judgment is affirmed.