Wisconsin Hydro Electric Company and another, Appellants, vs. Public Service Commission and another, Respondents.

*April 12—May 7, 1940.*

.628

For the appellants there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *W. T. Doar*.

For the respondent Public Service Commission there was a brief by the *Attorney General, Harold H. Persons* and *H. T. Ferguson,* assistant attorneys general, and *Philip H. Porter,* counsel, and oral argument by *Mr. Ferguson* and *Mr. Persons*.

For the respondent city of Cumberland there was a brief by *Daniel I. D'Amico,* city attorney, and *Loomis, Roswell & Chambers* and *Orland S. Loomis* of Mauston of counsel, and oral argument by *Mr. Loomis* and *Mr. D'Amico*.

ROSENBERRY, C. J.   From the complaint it appears that the Wisconsin Hydro Electric Company is a Wisconsin corporation and a public utility owning and operating electrical plants with its principal office at Amery, Polk county, Wisconsin; that W. T. Doar is an attorney at law residing at New Richmond and is a taxpayer of the city of Cumberland. The defendant city of Cumberland is a city of the fourth class and for many years has operated an electrical-distribution system and is a public utility; that for more than fifteen years prior to August 1, 1938, the Electric Company supplied electrical energy to the city of Cumberland for distribution through its system, and in order to supply such electrical energy it had invested large sums of money in equipment. The contract under which the energy was supplied expired April 1, 1938; that the Electric Company and the city could not agree upon a new contract, and in the latter part of August, 1938, the city petitioned the Public Service Commis-

sion for permission to install a Diesel generating plant. On December 23, 1938, the commission issued its order finding among other things that—

"the public interest requires the proposed construction of a Diesel generating plant 'only upon condition that the city of Cumberland as a public utility shall waive consideration by the commission in the fixation of rates, of the increase, if any, in cost of service which may be occasioned by the proposed installation of the Diesel generating plant and that such waiver shall be a condition to the issuance of this certificate and the construction of such Diesel generating plant."

The plaintiffs made application for a rehearing before the Public Service Commission, and upon the rehearing the commission made substantially the same findings, including a finding that the cost of electrical energy manufactured by the city would be greater than the cost of such energy purchased at wholesale, and in addition finding that public interest requires the issuance of a permit, and under date of March 6, 1939, affirmed the order of December 23, 1938.

Plaintiffs seek to have both orders declared null and void on the ground that the same were unlawful and unreasonable. The defendants demurred to the complaint upon the grounds: (1) That it appears upon the face of said complaint that neither of the plaintiffs has legal capacity to bring the above-entitled action; and (2) that it appears upon the face of said complaint that the same does not state facts sufficient to constitute a cause of action against either of said defendants. Later the demurrer was amended so as to include a demurrer upon the ground that several causes of action had been improperly united if it should appear that the complaint stated more than one cause of action. The trial court held that as to the question of capacity to sue the demurrer should be overruled. The court said:

"It, however, seems immaterial since the second ground for demurrer, as stated by the defendants, is broad enough to

include the objection which the defendants apparently sought to raise by their first ground of demurrer. The second ground of the demurrer is sufficient to raise the substantive objections since this complaint cannot state a cause of action against these defendants unless it states a cause of action in favor of one or both of these plaintiffs."

The court then sustained the demurrer upon the ground that the complaint stated no cause of action for the reason that it appeared from the complaint that the plaintiffs had no interest which entitled them to maintain an action to set aside the orders complained of.

On this appeal we are met with a contention which raises a question of first impression so far as we are able to discover. The plaintiffs contend that sec. 196.41, Stats., pursuant to which the action is brought, makes no provision for a demurrer by the commission; that according to the terms of that section the commission is required to answer, and that the issue as to the unlawful or unreasonable order must be determined upon the record made before the commission unless additional testimony be taken as provided in another section.

Sec. 196.41, Stats., provides: "(1) Any public utility or railroad and any person in interest being dissatisfied with any order or determination of the commission may commence an action in the circuit court for Dane county against the commission as defendant to vacate and set aside such order or determination on the ground that it is unlawful, or unreasonable, in which action the complaint shall be served with the summons.

"(2) The answer of the commission to the complaint shall be served and filed within twenty days after service of the complaint, whereupon said action shall be at issue and stand ready for trial upon ten days' notice. The action shall be heard and determined upon the record of the proceedings before the commission as certified to by it and transmitted by it to the clerk of the circuit court, as provided in section 196.35. . . ."

While the proceeding is denominated an action, it does not conform to the statutory definition of an action contained in sec. 260.03, Stats. An action is there defined to be—

". . . an ordinary court proceeding by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. . . ."

If this proceeding is in any sense an action it is one of limited and restricted scope and not an ordinary court proceeding. It is argued by the defendants in this case that a demurrer is an answer and therefore the commission is entitled to raise an issue of law by a demurrer. Without entering into a discussion of the distinction, if any, between an answer and a demurrer it is clear that a demurrer in this class of action must be limited in its scope. In this particular form of action the only issue that may be presented under the statute is the unlawfulness or unreasonableness of the order. That issue the statute says must be determined upon the record made before the commission. An attempt of the commission to submit the whole matter of the validity of the order, that is, its lawfulness and reasonableness by way of a demurrer would seem to be in contravention of the statute. However, we see no reason why the commission may not properly demur to a complaint upon grounds which raise only questions of law that are preliminary to a consideration of the case upon the merits. Such seems to have been the practice.

*Milwaukee E. R. & L. Co. v. Railroad Comm.* (1913) 153 Wis. 592, 142 N. W. 491, was an action to vacate and set aside as unlawful and unreasonable an order of the commission relating to the sale of streetcar tickets. A demurrer to the complaint was sustained and on appeal the order was affirmed.

*Polk v. Railroad Comm.* (1913) 154 Wis. 523, 143 N. W. 191, was an action to set aside an order of the commission

requiring the payment of a certain per cent of the cost of constructing an overhead crossing. There was a demurrer to the complaint, which was sustained and upon appeal the order was affirmed in this court.

*Chicago & N. W. R. Co. v. Railroad Comm.* (1916) 162 Wis. 91, 155 N. W. 941, was an action to set aside an order of the railroad commission. There was a demurrer to the complaint, the commission declined to answer and judgment went for the plaintiff. On appeal the judgment was affirmed.

*Milwaukee E. R. & L. Co. v. Railroad Comm.* (1920) 171 Wis. 297, 177 N. W. 25, was an action to set aside an order of the commission on the ground of unreasonableness. There was a demurrer to the complaint, which was sustained and the order sustaining the demurrer affirmed on appeal.

*Milwaukee v. Railroad Comm.* (1924) 182 Wis. 498, 196 N. W. 853, was an action to set aside an order of the railroad commission, authorizing the Milwaukee Northern Railway Company to install one-man cars. The city of Milwaukee claimed the right under its special charter to regulate the use of streetcars upon its streets. A demurrer to the complaint was sustained and on appeal the order sustaining the demurrer was affirmed.

See also *Plymouth v. Railroad Comm.* (1931) 204 Wis. 71, 234 N. W. 333; *Commonwealth Tel. Co. v. Public Service Comm.* (1935) 219 Wis. 607, 263 N. W. 665; *Clam River Electric Co. v. Public Service Comm.* (1937) 225 Wis. 198, 274 N. W. 140.

While the question raised in this case was not raised in any of the cases cited, the practice has been so long recognized and so well established that we should hesitate to modify it for any except the most weighty and convincing reason. While cases can be imagined where the public interest might suffer, if the merits were permitted to be determined upon a demurrer, such cases are not likely to arise, and if they do arise, the court has it within its power to protect the public interest.

It is considered that the trial court correctly held that the Wisconsin Hydro Electric Company had no interest which entitled it to maintain this action. While the statute provides that any public utility may bring an action, that must be understood to mean a public utility with an interest in the controversy. The Electric Company has no such interest. No doubt it has a remote financial stake in the controversy. If the city of Cumberland can be prevented from generating its own electrical energy it will be obliged to make a contract with the Electric Company, but the possibility or even the probability that the Electric Company would procure such a contract does not give it a legal interest in this controversy.

On the other hand, while the possibility of loss or damage seems remote under the facts of this case, nevertheless it is considered that a taxpayer being dissatisfied with the order, may maintain this action. If the order is void because unlawful or unreasonable, and it remains uncontested and the city erects and operates at a loss its generating plant, the loss must be made up out of the general fund which is created by a general tax on property. Where the taxpayer sues in his own interest and in behalf of those who are similarly situated, we see no reason why it should not be held that he has such an interest as to entitle him to bring an action under sec. 196.41, Stats.

The plaintiff taxpayer argues that sec. 196.49 (4), Stats., which provides:

". . . The commission may refuse such certificate if it appears that the completion of such project (a) will substantially impair the efficiency of the service of such public utility; (b) provides facilities unreasonably in excess of the probable future requirements; or (c) will, when placed in operation, add to the cost of service without proportionately increasing the value or available quantity thereof unless the public utility shall waive consideration by the commission, in the fixation of rates, of such consequent increase of cost of service. . . ."

requires the commission under the facts found by it to deny the defendant city a certificate of authorization as provided

in sec. 196.49, Stats. The plaintiff taxpayer bases his argu·
ment upon the proposition that the word "may" should be
construed to mean "must," and relies upon such cases as
*Market National Bank of New York v. Hogan* (1867), 21
Wis. *317; *Brawley v. Mitchell* (1896), 92 Wis. 671, 66
N. W. 799; and *Cliffs Chemical Co. v. Tax Comm.* (1927)
193 Wis. 295, 214 N. W. 447.

It is considered that this argument is not sound. Sec.
196.49, Stats., vests in the Public Service Commission a dis-
cretionary power authorizing the commission under certain
circumstances to deny a certificate of convenience and neces-
sity. To give the word "may" the meaning of the word
"must" would eliminate the exercise of this discretionary
power. To vest this power in the commission is the whole
object and purpose of the section. The cases cited do not
hold that in every case where a statute relates to the public
interest the word "may" must be construed to mean "must"
and we find no authority for such a proposition.

The plaintiff taxpayer further complains that the waiver is
invalid because it was not the intention of the legislature to
"permit a city council to burden the city or taxpayers with
increased cost which should be borne by the consumers of
electric energy." The statute expressly authorizes the issu-
ance of the certificate under the facts of this case upon condi-
tion that the public utility shall waive consideration by the
commission in the fixation of rates of such consequent in-
crease of cost of service. The commission in this case in
issuing its order subject to the execution of the waiver by the
city of Cumberland acted within its statutory authority. The
commission did not order the city of Cumberland to install a
Diesel generating plant. Whether a plant should be installed
was a matter which rested with the city authorities. If, as
counsel claims, this will throw an unjust burden upon the tax-
payers and is an improvident act, that matter must be fought
out in another action. The statute makes no provision for
the trial of equity issues in this form of action. The plaintiff

taxpayer gives no consideration to the fact that in maintain-. ing and operating an electric-lighting system the city of Cumberland is acting in its proprietary and not in its governmental capacity. By the provision of sec. 66.06 (10), Stats., questions of management are committed to the utility commission chosen by the common council or to the board of public works. The city of Cumberland acting as a proprietor must comply with the provisions of sec. 196.49. When an authorization is sought by a city the function of the Public Service Commission is the same as it is when any other public utility applies for a like authorization. In neither case does the statute confer managerial power upon the commission. That function belongs to the utility.

The plaintiff taxpayer also contends that sec. 196.49 (4) (c), Stats., is unconstitutional. It is considered that that question cannot be raised in this form of action. The statute confines the issue to the lawfulness and reasonableness of the order itself. Having invoked the jurisdiction of the court under the provisions of the statute which authorizes the making of the orders in question, the plaintiff taxpayer is limited to the statutory issues. He may not attack the validity of the statute under which he brings his action. But for the statutory provision for action to review he would not be entitled to have a court review. Having provided a special remedy the legislature may prescribe the conditions under which it may be pursued and the extent of the relief to be granted. It does not appear from the allegations of the complaint that the orders are unlawful or unreasonable.

*By the Court.*—The order appealed from is affirmed.