Thomson, Trustee, Respondent, vs. Public Service Commission, Appellant.

*October 10—November 8, 1940.*

For the appellant there was a brief by the *Attorney General, Newell S. Boardman* and *H. T. Ferguson,* assistant attorneys general, and *Philip H. Porter,* counsel, and oral argument by *Mr. Ferguson.*

*John F. Baker* and *John E. Krueger,* both of Milwaukee, for the respondent.

ROSENBERRY, C. J. In view of the fact that by the prayer of the complaint and by the judgment granted upon plaintiff's motion, the order of the commission was set aside, this must be deemed to be an action pursuant to the provisions of sec. 196.41, Stats. While it was pointed out in *Wisconsin Hydro Electric Co. v. Public Service Comm.* (1940) 234 Wis. 627, 291 N. W. 784, this procedure is denominated an action, it is one of limited and restricted scope and not an ordinary court proceeding by which one party prosecutes another for the enforcement or protection of a right, or the redress or prevention of a wrong. The fact that the procedure is denominated an action leads to a good deal of confusion as this case well illustrates. While it is called an action it is, in substance, strictly speaking, a proceeding in the nature of an appeal. The statute specifically provides that the determination shall be upon the record made before the commission. If new evidence is admitted under sec. 196.44, it is the duty of the trial court to refer the matter back to the commission for the consideration of all the evidence. While the statute requires issues to be made up by pleadings, no doubt to enable the court to ascertain

the contentions of the parties, there is no new trial. The attempt of the plaintiff in this action to join with the statutory action for review of commission orders an action for declaratory relief under the Declaratory Judgments Act is without warrant, and the trial court was without power to do anything but affirm the order or to vacate and set it aside as unlawful or unreasonable. Whether the order was unlawful or unreasonable should have been determined upon the record made before the commission.

The trial court held the order unlawful upon the sole ground that sec. 192.56, Stats., under which the proceeding was instituted, is unconstitutional and void. This raises the question of whether the invalidity of the statute under which plaintiff's action was brought can be urged by the plaintiff. It is well established in this state that one who voluntarily proceeds under a statute, and claims the benefit thereby conferred, will not be heard to say it is unconstitutional in order to avoid its burdens. *State ex rel. Bluemound Amusement Park v. Mayor* (1932), 207 Wis. 199, 240 N. W. 847; *Voluntary Assignment of Tarnowski* (1926), 191 Wis. 279, 210 N. W. 836; *Gagnon v. Department of Agr. & M.* (1939) 232 Wis. 259, 286 N. W. 549; *Wisconsin Hydro Electric Co. v. Public Service Comm., supra.*

In this case plaintiff sought a permission under the statute which it now claims to be unconstitutional. It brought its action to review the determination of the commission as provided in the statute. It now says the whole proceeding was of no effect because the statute under which it proceeded is void. This it may not do. No issue of constitutionality was before the commission. It made no order in respect to such an issue. There is nothing relating to that matter to review. But for the statute there would be no right of review. We cannot determine questions not before us. The right of the plaintiff to relief under the Declaratory Judgments Act, if any, must be determined in a proper action brought under that act. Such

relief cannot be granted in a proceeding to review an order of the commission.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to enter judgment affirming the order of the commission.