LODI TELEPHONE COMPANY, Appellant, vs. PUBLIC SERVICE COMMISSION, Respondent.*

*October 8—November 5, 1952.*
*February 5—March 31, 1953.*

* Rehearing granted, opinion on rehearing, post, p. 424a.

418

For the appellant there were briefs by *Rieser, Mathys, McNamara & Stafford* of Madison, and oral argument by *Robert M. Rieser.*

For the respondent there were briefs by the *Attorney General* and *William E. Torkelson,* chief counsel for the Public Service Commission, and *Samuel Bryan,* attorney, and oral argument by *Mr. Torkelson* and *Mr. Bryan.*

*Charles J. Ploetz* of Prairie du Sac, for intervenors.

FAIRCHILD, J.    The individuals who originally petitioned for the service prayed for in the proceedings before the commission are residents in the town of West Point, and at present they are patrons of the Lodi Telephone Company. For reasons appealing to them as sufficient, they desire the benefit of service of the Commonwealth Telephone Company. The Commonwealth Telephone Company is now rendering local service in the town of West Point.

The legislature, by due enactment, has determined that the public interest requires that public utilities shall "within their undertaking, furnish their service to all who reasonably require the same." *Northern States P. Co. v. Public Service Comm.* 246 Wis. 215, 228, 16 N. W. (2d) 790. The interested individuals and the location of their residences are within the limits thus described. This places the public utility "under a legal obligation to render adequate and reasonably efficient service" to them as members of the public to whom the utility's public use and scope of operation extend, providing, of course, that they apply for such service and comply with the reasonable rules and regulations of the public utility. 43 Am. Jur., Public Utilities and Services, p. 586, sec. 22; sec. 196.03 (1), Stats.

The order here under review requires the Commonwealth Telephone Company to extend its line in the town of West Point, where it is operating, so as to render local telephone service to the named petitioners who, in search of such service, have appealed to the Public Service Commission. The Commonwealth Telephone Company does not question the order, nor the fact as to the service being within the scope of its undertaking, and the evidence submitted sustains the

findings of the commission, and therefore warrants the ruling made.  Sec. 196.405, Stats.

The Lodi Telephone Company is appellant here and objects to the order of the commission.  It urges that it is being deprived of its property and the right to serve these same customers under its indeterminate permit.  While under the commission's order the result may be that service of several of Lodi's customers by the Commonwealth Telephone Company will occur and their patronage be lost to the Lodi Telephone Company, still the Lodi Telephone Company is not deprived of any existing unqualified legal right.  Duplication of lines is not forbidden where both companies are operating in a given territory.  The legislature has conferred certain regulatory powers upon the commission in respect to regulation of an operating utility.  These regulations affecting competition or duplication are based upon the existence of public convenience and necessity.  The Public Service Commission is to find whether or not public convenience and necessity will be met by ordering a duplication of facilities.  A finding according to the facts of the matter may require an extension of line and plant which may permit and require the duplication of lines as well as provide against undue extension.  This is all with a view of promoting the public interest.  The commission's determination, properly supported, becomes a ruling factor.  *Union Co-op. Telephone Co. v. Public Service Comm.* 206 Wis. 160, 239 N. W. 409.

The commission calls attention to the fact that the Commonwealth Telephone Company is not before the court opposing the orders in question.  The record does not disclose that company's attitude in the matter, but it has never challenged the order by filing an application for rehearing.  Sec. 196.405, Stats.

The evidence in behalf of the individual petitioners to establish that the service rendered by the Lodi Telephone Company was inadequate only disclosed that they would have

to pay a toll charge in order to make any calls into the Prairie du Sac-Sauk City area being serviced by Commonwealth. The commission's finding, that Lodi's service to petitioners was inadequate, therefore, was based solely on the added costs to petitioners resulting from such toll charges. While by so finding the commission may have reversed prior commission policy, that was entirely within their province and this court should not interfere therewith.

As to whether the Lodi Telephone Company was in a position to demand a hearing in this matter, a matter not determined by the court below, we are of the opinion that it is a proper party to the proceedings. The commission, in opposing the appearance of the Lodi Telephone Company, based its ruling upon the opinion in the case of *Wisconsin Hydro Electric Co. v. Public Service Comm.* 234 Wis. 627, 291 N. W. 784. We are of the opinion that the facts of that case distinguish it from cases arising under circumstances such as exist in the case at bar. In the case of *Wisconsin Hydro Electric Co. v. Public Service Comm., supra,* that company, in bringing its action, relied upon the fact that several years before it had constructed a transmission line into Cumberland to serve that city's distribution system with wholesale energy. The contract between the company and the city utility expired, and the city utility refused to renew it. The city utility was one of Wisconsin Hydro Electric's customers, and it appeared that that company had built its line into the city pursuant to the contract to furnish energy and had made a considerable investment. However, the relation between Wisconsin Hydro Electric Company and the Cumberland utility was based upon a contract and did not arise under circumstances prevailing in this case, where both the Lodi Telephone Company and the Commonwealth Telephone Company are operating within a given territory under permits which place in the Public Service Commission the authority to regulate their service on the bases of public

necessity and convenience. That operation both companies undertook to provide when they accepted their respective permits. Sec. 227.15, Stats., provides:

"Administrative decisions, which directly affect the legal rights, duties, or privileges of any person, whether affirmative or negative in form, except the decisions of the department of taxation, the commissioner of banks, and the commissioner of savings and loan associations, shall be subject to judicial review as provided in this chapter; but if specific statutory provisions require a petition for rehearing as a condition precedent, review shall be afforded only after such petition is filed and determined."

The utility's right to serve the territory is a qualified, not an absolute, one. The Public Service Commission can properly protect a public utility against competition only as long as such protection is consistent with public necessity and convenience, and the commission is the primary judge of when such point is reached. Many factors are to be considered in arriving at a decision, among them the effect of a loss of subscribers upon the revenues of the utility already in the field, with possible adverse effect upon the service which that utility can give to its remaining patrons. Nevertheless, such matters are questions of fact to be determined by the Public Service Commission and not to be ignored or reversed by the courts when there is evidence in support of the commission's findings.

We are of the opinion that under the circumstances here presented the Lodi Telephone Company had interests and privileges which they might properly call to the attention of the Public Service Commission when it was engaged in considering those very matters.

We hold, therefore, that the Lodi Telephone Company was a proper party to these proceedings and a "person aggrieved" by the adverse decision of the Public Service Commission within the meaning of sec. 227.16 (1), Stats., so as to be

entitled to a review in the circuit court of the commission's order. We agree with the learned trial judge, who said:

"Commonwealth was in the rural town. Lodi was in the rural town. Each had an obligation to render adequate service. If it had an indeterminate permit, its obligation was coextensive with its right."

Therefore the requirement visited upon Commonwealth Telephone Company to perform the service according to the order of the commission was properly within the competence of the commission.

*By the Court.*—Judgment affirmed.

BROADFOOT, J. (*dissenting*). Our attention has been called to no case where the Public Service Commission has made an order such as the one appealed from. Certainly the case of *Northern States P. Co. v. Public Service Comm.* 246 Wis. 215, 16 N. W. (2d) 790, relied upon by the commission, is no precedent. There is no similarity in the facts and circumstances in the two situations. Our sympathies, of course, are with the petitioners. The users of utility service should, where possible, have the service most desirable to them. However, an order such as this can only result in a duplication of service or the abandonment of valuable facilities, and this eventually must result in higher costs for the subscribers. A continuance of this procedure could result in the inevitable liquidation of many utilities, with the large companies absorbing the small. Many people may deem that desirable, but it is a policy that should be initiated by the legislature and not by an administrative order or judicial decision.

I agree with my associates that the Lodi Telephone Company has a right to be heard, but I must disagree with that part of the opinion that approves the procedure and order of the commission.

A motion for rehearing was granted on January 6, 1953, and oral argument was heard February 5, 1953.

For the appellant there was a brief by *Rieser, Mathys, McNamara & Stafford* of Madison, and oral argument by *Robert M. Rieser.*

For the respondent there was a brief by the *Attorney General* and *William E. Torkelson,* chief counsel for the Public Service Commission, and *Samuel Bryan,* attorney, and oral argument by *Mr. Torkelson.*

*Charles J. Ploetz* of Prairie du Sac, for intervenors.

The following opinion was filed March 31, 1953:

PER CURIAM (*on rehearing*). Appellant complains that the original opinion ignores the fact that a foreign-exchange service was available to applicants under rules and rates in effect with the approval of the commission. On this point appellant's brief on rehearing states:

"Under the foreign-exchange service arrangement, effective and filed with the approval of the commission, toll service is not paid at all, but measured service, based upon the distance away from Commonwealth's undertaking, is furnished identical with that furnished to every other subscriber of Commonwealth. The subscriber calls the Commonwealth Exchange directly, is listed as a subscriber to Commonwealth, is billed by Commonwealth, pays his bill to Commonwealth, and in every way is treated as are Commonwealth subscribers. He merely pays an extra mileage charge for the distance within Lodi territory."

However, the extra charge which would be billed to the thirteen applicants under foreign-exchange service amounts to from 75¢ to $2.85 per month, while other neighbors in the same town already being serviced by Commonwealth from its Sauk City exchange would not be billed this extra charge, some of whom live no further away from the Sauk

City exchange than do some of the applicants. The commission specifically found that foreign-exchange service was not the answer to the problem of providing petitioners with adequate telephone service. The reason for such conclusion is provided by sec. 196.60, Stats., which prohibits any telephone utility from charging customers more or less than it charges other customers for the same service.

The previous mandate is affirmed.