No. 44,076

GRAVES TRUCK LINE, INC., and CENTROPOLIS TRANSPORTATION COM-
PANY, *Appellees,* v. THE STATE CORPORATION COMMISSION OF THE
STATE OF KANSAS and ED HOLESTINE, d/b/a HOLESTINE TRUCK
LINE, *Appellants.*

(402 P. 2d 757)

Opinion filed June 12, 1965.

*John A. McKinnon,* of Topeka, argued the cause and was on the briefs for
the appellant, State Corporation Commission.

*Joseph H. McDowell,* of Kansas City, was on the briefs for appellant, Ed
Holestine, d/b/a Holestine Truck Line.

No appearance by appellees.

The opinion of the court was delivered by

PARKER, C. J.: This appeal stems from a controversy over a
certificate of convenience and necessity granted a truck line by
the State Corporation Commission.

The procedural facts may be briefly summarized.

The State Corporation Commission after two hearings granted a
certificate of convenience and necessity to Ed Holestine, d/b/a
Holestine Truck Line, to transport the following items to points
and places in Kansas in truck load lots of 6,000 pounds, to-wit:

"1. Insulation and agricultural implements from Kansas City, Kansas (ex-
cept to Leavenworth and Atchison).

"2. Steel and iron from one-quarter mile west of Bonner Springs (the present sole shipper being Southwest Ornamental Iron Works).

"3. Dog food from Turner, Kansas (the present sole shipper being Strongheart Packing Company)."

The Graves Truck Line, Inc. and Centropolis Transportation Company protested before the Commission.

The Commission by order dated May 29, 1963, granted the authority sought by Holestine with certain exceptions. The two protesting truck lines filed an application for rehearing before the Commission. The Commission by order dated July 19, 1963, denied the applications for rehearing.

On August 1, 1963, the protestants filed an application for review in the district court of Shawnee County, the material portions of which read:

"That said order of May 29, 1963, is contrary to, and in violation of G. S. 1949, 66-118b [now K. S. A. 66-118b] in that the Application for Rehearing did not set forth the grounds on which the applicants considered the order of December 6, 1962, to be unlawful or unreasonable and further that the Commission by its order of May 29, 1963, enlarged the issue by hearing evidence on an amended application rather than the evidence to be presented under the purported application for re-hearing.

"That the evidence and testimony received by the defendant Commission in support of the original Application held by the Commission on November 8, 1962, and the evidence and testimony on Rehearing held on April 23, 1963, does not support the order of the defendant Commission granting said Certificate.

"Commission erred in not finding that the existing transportation facilities were reasonably adequate as required by G. S. 1949, 66-1,114 [now K. S. A. 66-1,114].

"That the order of the Commission in failing to make specific findings in fact, thus leaving the parties to speculate as to the basis for conclusion and granting the application to the applicant is contrary to the laws of the State of Kansas and is prejudicial to these parties.

.    .    .    .    .    .    .    .    .    .    .    .    .

"The order dated May 29, 1963, granting extension and adding certain restrictions is contrary to the evidence and testimony.

"The order dated May 29, 1963 granting extension and adding certain restrictions is contrary to the evidence and testimony and was arbitrary, capricious, unreasonable and unlawful.

"The order herein complained of, granting the extension to Ed Holestine, dba Ed Holestine Truck Line, upon its amended application is unlawful and unreasonable in that the record fails to show the public convenience and necessity would be furthered by the operations requested by this applicant."

It will be noted that the application for review made no reference to the order dated July 19, 1963, which denied the protestants'

motion for rehearing and supplemented the order of May 29, 1963, with additional findings.

The district court made findings of fact in which it concluded:

"11. The evidence and testimony received by Defendant, Commission in support of the original application held by the Commission on November 8, 1962, and the evidence and testimony on re-hearing held on April 23, 1963, does not support the order of the Defendant, Commission, granting said certificate.

"12. The Defendant, Commission, erred in not finding that the existing transportation facilities were reasonably adequate as required by G. S. 1949, 66-1,114 [now K. S. A. 66-1,114].

"13. The adequacy of existing common carrier service being one of the main standards governing the Commission's determination of the propriety of a common carrier certificate, a finding in connection therewith is prerequisite to a valid order granting such certificate. The Commission erred in failing to make findings on all applicable standards which govern its determination.

"14. The order of the Commission in failing to make specific findings in fact, thus leaving the parties to speculate as to the basis for conclusion in granting the application to the applicant is contrary to the laws of the State of Kansas and is prejudicial to these parties."

Ed Holestine and the State Corporation Commission appealed to this court from the findings and conclusions of the trial court and the judgment vacating the Commission's order of May 29, 1963.

The protestants have not filed briefs or made any appearance in this court in support of the judgment they obtained in the district court.

We find no merit in the appellees' contention and the trial court's conclusion that the Commission failed to make specific findings of fact, particularly in not making a finding as to the adequacy or inadequacy of the existing common carrier service.

It is conceded by the appellants that there was no finding of fact regarding public convenience and necessity, nor regarding present existing service in the original order of May 29, 1963, such as has been held by this court to be required by 66-1,114, *supra*. (*Baldwin v. State Corporation Comm.*, 143 Kan. 580, 56 P. 2d 453; *Class I Rail Carriers v. State Corporation Commission*, 191 Kan. 201, 380 P. 2d 396.) However, this deficiency was cured in the order denying the motion for rehearing which was a prerequisite to appellees' petition for review. In the application for rehearing following the order of May 29, 1963, the appellees stated:

"That the order of the Commission in failing to make speecific findings of fact thus leaving the parties to speculate as to the basis for its conclusion and

granting the application to the applicant, is contrary to the laws of the state of Kansas, and is prejudicial to these protestants."

An application for a rehearing is a prerequisite to a petition for review under the provisions of K. S. A. 66-118b, which provide in part:

". . . No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall make application for a rehearing as herein provided. Such application shall set forth specifically the ground or grounds on which the applicant considers such order or decision to be unlawful or unreasonable. No party shall, in any court, urge or rely upon any ground not set forth in said application. An order made after a rehearing, abrogating, changing or modifying the original order or decision, shall have the same force and effect as an original order or decision."

The purpose of an application for rehearing is to permit the Commission to correct errors which are called to its attention and thus avoid a judicial review and determination. Certain inadvertent or technical errors may be corrected without granting a rehearing. It would appear from the language of the Commission's order denying the rehearing that it found but inadvertently left out of its original order certain necessary findings. Pertinent portions of the order of July 19, 1963, denying the rehearing, read:

". . . *The evidence established and the Commission found that the public convenience and necessity justified and required the institution of a part of the additional service.* The record failed to disclose that existing carriers would be materially and adversely affected. Furthermore, the Commission concludes that the evidence was convincing that there was a need for the operation proposed by the applicant to the territorial extent set forth in the Commission's order of May 29, 1963. The purport of the record persuades the Commission that the applicant's past unauthorized operations should not preclude a grant of the request of the authority. In the opinion of the Commission a need for the service proposed has been amply demonstrated. The Commission further found that the applicant was fit, willing and able to institute and maintain a part of the additional service involved in the application for extension. Since there is no legal cause or reason why a rehearing should be granted, said application for rehearing should be denied." (Emphasis supplied.)

The language so used constitutes an ample finding of public convenience and necessity. We must also conclude that a finding of absolute need for additional service is the equivalent of a finding that the existing service is inadequate.

We cannot agree with the trial court's conclusion that the evidence does not support the Commission's order and that the Commission erred in not finding that the existing transportation facilities were reasonably adequate.

Moreover, we are inclined to agree with appellants' suggestion that the trial court attempted to substittue its judgment for that of the Commission. The court's finding was that "The evidence and testimony received . . . does not support the order. . . ." of the Commission. There is no contention that the order is unreasonable if the evidence supports the finding that the additional service was a public necessity.

The trial court may not substitute its judgment for that of the Commission when supported by substantial competent evidence merely because the court if it had been sitting as a fact finding body would have arrived at a conclusion different than that of the Commission. See, e. g., *Rock Island Motor Transit Co. v. State Corporation Comm.*, 169 Kan. 487, (Syl. ¶ 2.), 219 P. 2d 405; *Southern Kansas State Lines Co. v. Public Service Comm.*, 135 Kan. 557, 662, 11 P. 2d 985; *Class I Rail Carriers v. State Corporation Commission*, supra.

Several witnesses testified before the Commission that they needed the transportation services of Holestine under the limited authority which consists of but four basic commodities. Dog food, insulation, agriculture implements, and steel and iron; from three origination points, Kansas City, Turner and Bonner Springs, Kansas.

Frank Calkins of Lite Weight Products Co., Fairfax District, Kansas City, Kansas, testified as to his product, insulation. That he felt the Graves Truck Line was not as well suited for their business as the 6000 lbs. minimum of Holestine. Holestine would haul to the job site and this was a convenience and he was not sure other truck lines would as some other truck lines do not.

Lite Weight Products Co. ships 5000 bags of insulation a month to Kansas points and because of the less minimum he can ship cheaper by Holestine, the freight is often as much as the value of the cargo because it is so light and freight costs are vital and the 20,000 minimum on Graves Truck Line is expensive if he ships less than the minimum.

Ray Humbird of the Oliver Co., Fairfax District, Kansas City, Kansas, testified his firm shipped farm equipment and used Holestine, Graves Truck Line and Santa Fe Trail Transportation Company has 50 to 100 shipments a day, and a truck load every month or two. He said he needed this additional service of Holestine's along with the rest of the carriers because he could put on 2 or 3 tractors going to different cities and Holestine would stop and

deliver them and that was necessary in their business and he doubted if Graves would do this.

Francis O. Hinkle of Southwest Ornamental Iron Works, Bonner Springs, Kansas, testified they had recently built a plant there and it had doubled the capacity of their former plant in Missouri, that they required equipment with movable sides and open top for the public convenience and few if any common carriers had solicited them for business.

Dillard E. Whitlow testified that Conmaco Steel Co. ships sheet steel piling and he shipped 92 tons with Holestine in the last 21 months and is of the opinion that Santa Fe Trails and Graves Transportation Co. equipment was not suited for 30 to 40 foot long sheets which load over the side.

Without further laboring the record it may be stated that there was evidence offered by Holestine of conditions and service which were peculiar to the needs of the shippers. One of the important features was Holestine's equipment which made possible the transportation of 6000 pound loads as against a 20,000 pound minimum by the existing carriers.

It is the sound discretion of the Commission, not that of the courts, which is to be exercised in the issuance or refusal of certificates of convenience and necessity. (*In re Inland Pipe Line Co.*, 143 Kan. 820, 823, 57 P. 2d 65; *Southern Kansas Stage Lines Co. v. Public Service Comm.*, 665, supra.)

In view of what has been heretofore stated and held the judgment is reversed with instructions to reinstate the Commission's order.